# Mullens *v.* The State.

*Prosecution for Abusive, Insulting or Obscene Language, near Dwelling-house, in presence or hearing of Family.*

1. *Constituents of offense.*—A conviction may be had for going near the dwelling-house of another and using abusive, insulting or obscene language in the presence or hearing of his family (Code, § 4203; Sess. Acts 1880–1, p. 30), although the defendant was at the time on his own adjacent premises, and used the words in ordinary conversation with visitors, without any intention of being overheard by his neighbors.

FROM the Circuit Court of Pike.
Tried before the Hon. JOHN P. HUBBARD.

GARDNER & WILEY, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant is charged with a violation of the statute which declares: "If any person enters into, or goes sufficiently near to the dwelling-house of another,

[Mullens v. The State.]

and in the presence, or within the hearing of the family of the occupant thereof, or any member of his family, or in the presence or hearing of any female, and makes use of abusive, insulting or obscene language, he shall be deemed guilty of a misdemeanor."—Acts Ala. 1880–1, p. 30.   The words spoken had reference to the wife of the occupant of the dwelling-house on a lot adjoining the lot on which defendant lived.   The court was requested to instruct the jury, that though the defendant may have used abusive or insulting language, she is not guilty, if she made use of the language on her own premises, in ordinary conversation with visitors, and without any intention of being heard by her neighbors.

The act amends section 4203 of the Code, which was considered insufficient to effectuate the predominant purpose, — the protection of the dwelling and the family from annoyance and indignity, caused by abusive, insulting or vulgar language being uttered in their presence.   The inefficiency consisted in the fact, that the section made the use of the prohibited language at *specified* places an essential constituent of the offense,—the dwelling, the curtilage thereof, and the public highway near the premises.—*Comer v. State*, 62 Ala. 320.   The amendatory act, while preserving the protection of the dwelling *eo nomine*, substitutes, for the other two named places, the generical description, "*or goes sufficiently near;*" thereby extending protection to the neighborhood of the dwelling, without regard otherwise to the character of the place.   The proposition of the charge is, that a person may use abusive, insulting or obscene language, *ad libitum*, in the presence or hearing of females occupying an adjacent house, provided he utters it on his own premises, and in ordinary conversation with visitors.   The freedom of home does not extend to the abuse or vilification of neighbors in their hearing.   A person's own inclosure does not, in such case, afford immunity from guilt and punishment.

The tone of voice, whether loud or ordinary, is immaterial, provided it is loud enough to be heard, and is actually heard by any member of the family of the occupant of the dwelling.—*Henderson v. State*, 63 Ala. 193.   And whenever a person does an act prohibited by statute, the law presumes the intent to do the act.   Doing the act voluntarily, is evidence of the unlawful intent, and no other is requisite. *Bain v. State*, 61 Ala. 75.   If the defendant, in crossing her yard, went sufficiently near to the dwelling of another, while passing to and from her house, and made use of abusive, insulting or obscene language, in the hearing of

[Nelson v. The State.]

the family of the occupant, she is guilty of the statutory offense, though she may have been on her own premises: Affirmed.