# Thomas *v*. The State.

*Indictment for Using Abusive or Obscene Language, near Dwelling-house, in Hearing of Family.*

1. *Constituents of offense.*—A conviction may be had for using abusive, insulting or obscene language near the dwelling-house of another person, in the presence or hearing of his wife (Code, § 4031), although the defendant was quarrelling with his own wife, and did not intend that his language should be overheard by his neighbor's wife.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The appellant in this case, Willie Thomas, was indicted, tried and convicted for using abusive, insulting and obscene language in the presence of a female, in or near the dwelling-house of one J. G. Johnson. The testimony of the State tended to show that, within twelve months before the finding of the indictment, while engaged in a quarrel with his wife, near the dwelling-house of said Johnson, the defendant used abusive and obscene language, which was heard by Mrs. J. G. Johnson while sitting in her room. And it was further shown by witnesses for the State, that the defendant's attention was called to the fact that Mrs. Johnson overheard him; to which he replied, that he did not care. The defendant, in behalf of himself, testified that what he said was not addressed to Mrs. Johnson, was not intended for her ears; that he did not know Mrs. Johnson was in hearing distance, and that he did not recollect any one calling his attention to the presence of Mrs. Johnson. Upon this evidence, the court, at the request of the State, gave the charge which is copied in the opinion, and the defendant excepted.

JOE CALLAWAY, for appellant.

WM. L. MARTIN, Attorney-General, for the State, cited *Stern v. State*, 37 Ala. 123; *Bain v. State,* 61 Ala. 75; *Yancy v. State*, 63 Ala. 141; *Henderson v. State, Ib.* 193; *Mullens v. State*, 82 Ala. 42.

McCLELLAN, J.—Appellant was convicted under an indictment for using abusive, insulting or obscene language, in violation of section 4031 of the Code. But one question is

raised by the record. That was reserved by an exception to the following charge, given at the instance of the State: "The only intention the State is required to prove in this case, is the intention to use abusive, insulting or obscene language, if such language was in fact used in the presence or hearing of a woman." The exception is untenable. That the charge correctly asserts the law, is so clear in principle, and so fully supported by our own adjudications, as not to need or admit of discussion.—*Henderson v. State*, 63 Ala. 193; *Bain v. State*, 61 Ala. 75; *Mullens v. State*, 82 Ala. 42.

The judgment of the City Court is affirmed.