# Laney v. The State.

*Indictment for using Obscene Language in the Presence of Females.*

1. *Using obscene language in presence of females; ignorance of their presence no defense.*—Where on a prosecution for using abusive, insulting or obscene language in the presence or hearing of females (Cr. Code, § 4031), the evidence shows that the defendant, while riding along a public road, used obscene and profane language, which was heard by two ladies travelling along the same highway, a little distance behind defendant, the fact that the defendant did not know of the presence of any females, and had no knowledge of any fact that would put a reasonable man on notice that there were or might be females within hearing at the time, constitutes no defense to the offense charged.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. LEROY F. BOX.
The facts are sufficiently stated in the opinion.

S. D. G. BROTHERS, for appellant.

[Laney v. The State.]

W. C. Fitts, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted for a violation of section 4031 of the Criminal Code, which prohibits the "use of abusive, insulting or obscene language in the presence or hearing of any female," &c.

The evidence shows that the defendant, in company with two others was riding along the public road when he made use of profane and obscene language, that there were two ladies in a hack travelling in the same direction, from fifteen to thirty yards in his rear, and that the language used was heard by them. The defendant testified that he did not know that the hack was near them, or that there were any females present, or within hearing distance, and this evidence was not controverted. Upon these facts the defendant requested the court to charge the jury substantially, that if he did not know of the presence of any females, and had no knowledge of any fact that would put a reasonable man on notice, that there was, or might be, a female within hearing at the time, that the jury should acquit, which charge the court refused to give. We think the action of the court was free from error. Any person who indulges in such profane and obscene language as proven takes upon himself the responsibility of knowing that there is no female within the presence or hearing, and he is especially inexcusable when such language is used upon the highway, where the public have the right to go, at all times. The statute is positive and plain, and the purpose of its enactment was to protect families and each member thereof in their dwellings from insult, and females whether members of the family or not, at all times.

Affirmed.