# Carter v. The State.

*Indictment for Using Obscene Language in Presence of Female.*

1. *Evidence as to former jeopardy.*—It was not error to exclude evidence of what took place before a justice of the peace, on an issue of former jeopardy, where the only question was as to whether the justice, on the former hearing, had jurisdiction, and that fact was, in legal effect, admitted by the pleadings.

2. *Objection to remarks of counsel*—It was not error to refuse to exclude from the jury the solicitor's remarks to the effect that the jury must find that the prosecuting witness lied before they could acquit defendant.

3. *Court may permit replication to be written out in form after trial.*—It is within the discretion of the court to permit the replication to be written out after the trial on the facts began.

[Carter v. The State.]

4. *Charge as to former jeopardy.*—Where the evidence was undisputed that the offense was committed, if at all, more than 60 days before a prosecution before a justice began, it was proper to instruct the jury that the justice had no jurisdiction on the former hearing, and that the prisoner had therefore not been in former jeopardy.

5. *Whether language used in presence of female is obscene is for jury.*—In a trial for using insulting or obscene language in the presence of a female, it is for the jury to determine whether the language was of the character charged.

6. *Motion for new trial in criminal case not reviewable.*—The supreme court has no jurisdiction to revise a ruling on a motion for new trial in a criminal case.

7. *Argumentative charge.*—Requests to charge that the jury may find the defendant not guilty without finding whether the prosecutrix swore falsely or not are argumentative.

APPEAL from Pike Criminal Court.

Tried before the Hon. WILLIAM H. PARKS.

The appellant was indicted, tried and convicted for using abusive, insulting or obscene language in the presence or hearing of a female.

The defendant pleaded not guilty and former jeopardy. The solicitor for the State replied orally to said pleas. The defendant asked that the replication be put in writing, whereupon the State ordered the solicitor to put it in writing, and permitted the solicitor to proceed with the trial, and to subsequently write out his replication. To this action of the court the defendant duly excepted. The special plea of former acquittal, and the substance of the replication thereto are sufficiently stated in the opinion.

It was shown by the evidence introduced on the trial, that this prosecution was commenced before a justice of the peace in Pike county, by making complaint before him on January 17, 1895; that a warrant of arrest was issued, and under it the defendant was carried before a justice of the peace, and there waived a trial, and gave bond to appear at the next term of the Circuit Court to await the action of the grand jury. The complaint, warrant of arrest, bond and judgment of the justice were introduced in evidence. The defendant offered to prove that he made no demand for a trial by jury before the justice; that the said justice declined to try the cause finally, upon the ground that he had no jurisdiction of it; and that he, the defendant did not waive the final

[Carter v. The State.]

trial before said justice of the peace. The solicitor for the State separately objected to each portion of this testimony, which separate objections the court sustained, and the defendant separately excepted to each of said rulings of the court.

Minnie Pryor, a State witness, testified that in August, 1894, she went from her house to the spring, to get a bucket of water; that defendant was at the spring, and when she saw him she was frightened nearly to death. Defendant asked her if she knew where Pomp was, and she said no. Pomp lived in sight about 50 yards on the hill. Then defendant told her he would give her two dollars and a half if she would meet him over at a designated place in the field about a mile from the spring. She replied she would not do it, and then he said: "I will give you five dollars if you will." The spring was about one hundred yards from her house, and was used to supply water for use at the house, and was under a hill from the house. She knew the defendant, and had seen him often. No one was present but defendant and witness. The defendant testified that he was not at the spring and did not use the language testified to by Minnie Pryor, and that he had no conversation with her. The solicitor in his argument to the jury, among other things, said: "Before you can acquit this defendant you must find that Minnie Pryor has sworn to a lie." The defendant objected to this part of the solicitor's argument, and moved to exclude the same from the jury. The court overruled the objection and motion, and the defendant duly excepted. In the course of his argument, the solicitor further said: "Are you going to acquit this defendant, after Minnie Pryor has brought her case to you, and let her go home and tell the people that she brought her case to the jury, and they found that she had lied." To this portion of the solicitor's argument the defendant objected, and moved to exclude it from the jury. The court overruled the objection and motion, and the defendant duly excepted. The bill of exceptions recites: "The court instructed the jury that under the evidence in this case the defendant had not been put in former jeopardy;" and to this instruction the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted

[Carter.v. The State.]

to the court's refusal to give each of them as asked:
(1.) "If the jury believe the evidence, they should find
the defendant not guilty." (2.) "The language used
in the case, as testified to by the witness Minnie Pryor,
was not obscene, profane or insulting, or prohibited by
the statute, and there are no other words or circum-
stances in evidence which import or give to them such
meaning." (3.) "The language in this case was not in
themselves obscene, insulting or profane, or prohibited
by the statute from being used; and before they can be
so considered the evidence of the witnesses must show
that they were so connected with other words as to
render them such." (4.) "If you find the defendant
not guilty, that finding is not a deciding by you that
Minnie Pryor swore falsely." (5.) "You do not have
to find that Minnie Pryor swore falsely before you can
find the defendant guilty." (6.) "You may find the
defendant not guilty without deciding whether Minnie
Pryor swore falsely or not." (7.) "The language used
in this case, or testified to by Minnie Pryor, is not in-
sulting, profane or obscene, or prohibited by the
statute."

After the return of the verdict of the jury, finding the
defendant guilty as charged in the indictment, the de-
fendant made a motion for a new trial. This motion
was overruled, and the defendant duly excepted thereto.

HUBBARD, WILKINSON & HUBBARD, for the appellant.

WM. C. FITTS, Attorney-General, for the State.

HEAD, J.—The special pleadings in this case are
peculiar. The defendant was tried upon an indictment
charging the statutory offense of using abusive language,
&c. In connection with the plea of not guilty, he in-
terposed in bar of the prosecution, what he termed a
special plea of "former jeopardy," in which he alleged
that he had theretofore "been put in jeopardy, in this
cause, to-wit, in this: on the 26th of January, 1895, W.
W. Pryor made complaint and affidavit before R. G.
Jackson, a justice of the peace for Pike county, Ala-
bama, which charged the same offense as in this cause
charged, that upon said complaint said Jackson had
jurisdiction to finally try and determine said cause and

[Carter v. The State.]

issued a warrant of arrest, under which defendant was arrested and brought before said Jackson, for trial on a sufficient complaint, whereupon defendant waived trial before the grand jury and required defendant to enter into bond to appear at next term of the Circuit Court to await the action of the grand jury." The prosecuting attorney admitted this to be a good plea in bar of the indictment, by interposing to it what is termed a replication. This replication alleges, practically, the same facts as those set up in and implied by the plea, with the single further statement that the offense charged was not "an offense over which a justice of the peace has jurisdiction, as it was committed more than sixty days before prosecution was begun." The judgment-entry, after reciting the interposition of the plea of not guilty and the special pleas and replication, recites that issue was joined "on said pleas." We take this as showing that issue was joined on the replication. The plea of not guilty and the special defense were, without objection, submitted for trial together before the same jury. The verdict, in terms, responded only to the issue of not guilty, finding the defendant guilty and assessing a fine, making no allusion to the special defense.

It will thus be noticed that the only special issue raised upon the record, for trial before the jury, was whether the offense was committed more than sixty days before the prosecution was begun; hence it is that the several questions raised on the trial, as to what occurred before the justice of the peace, were irrelevant and immaterial. That which the court was asked to admit, on that line, was no more than what was in legal effect confessed by the pleadings, and to reject it was not reversible error.

There was no error in the refusals of the court to exclude the portions of the solicitor's argument to which objections were made.

It was within the discretion of the court to permit the replication to be written out after the trial on the facts began. The defendant was denied no right to demur to it, after it was written out, if he had desired to pursue that course.

The undisputed evidence sustained the replication, viz.: that the alleged offense, if committed at all, was committed more than sixty days before the prosecution

[Bailey v. The State.]

was begun. The court, therefore, properly instructed the jury that, under the evidence in the case, the defendant had not been put in former jeopardy. As the defendant has not, by his bill of exceptions, made it to appear otherwise, we will presume the charge was requested by the solicitor, in writing. We cannot suppose, in the absence of a showing to that effect, that the court, of its own motion, without written request, charged upon the effect of the evidence. Lest it be thought that some sanction is given by us to the alleged defense of former jeopardy, if presented in some other shape than that in which the pleadings presented it in this case, we remark that the defense attempted was frivolous, and the plea, if the court had been moved thereto, ought to have been stricken out as such.

It was clearly within the province of the jury to determine whether the language imputed to the defendant by Minnie Pryor was insulting or vulgar or not. Charges 1, 2, 3 and 7 were, therefore, properly refused.

Charges 4, 5 and six were mere arguments.

We have no jurisdiction to revise the rulings of the lower court on motions for new trials in criminal cases. That jurisdiction is confined, by the statute, to civil cases. The bill of exceptions recites that the proper *venue* was proven.

There is no error in the record.

Affirmed.