# Collins *v.* The State.

### *Selling Liquor Without License.*

(Decided July 2, 1907.   44 South. 571.)

1. *Intoxicating Liquors; Wrongful Sale; Defense.*—The act creating the dispensary having been held valid, the fact that the judge of probate in response to a rule nisi granted the employer of defendant a license to retail liquor, was no defense to a porsecution for a wrongful sale of liquors in the dispensary town.

2. *Same; Misdemeanor; Intent.*—The voluntary sale of liquor in contravention of the provision of Local Acts 1903, p. .559, being a misdemeanor, such sale was sufficient to establish the unlawful intent; and a license granted by the judge of probate under a rule nisi to the employer of defendant was not admissible for the purpose of showing defendant's lack of intent to commit the crime.

3. *Same; Defense.*—The city being prohibited from issuing such a license, a license granted by the city was not a defense to a prosecution for the sale of such liquor; nor was it a defense to show that the dispensary sold its stock to defendant's employer after he had obtained a license from the state and county under the rule nisi.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Joe Collins was convicted of selling intoxicating liquors without a license and contrary to law, and appeals. The facts sufficiently appear in the opinion. Affirmed.

C. K. ABRAHAM, for appellant.—The very essence of criminality is wanting, i. e., an intent to do wrong.—

*Duncan v. The State,* 7 Humph. 148; *Brent v. The State,* 43 Ala. 302; *Boyd v. The State,* 53 Ala. 601. This principle is as applicable to statutory as to common law offenses.—*Stern v. The State,* 63 Ga. 229; *People v. White,* 34 Cal. 183; *State v. Eastman,* 60 Kan. 557; *People v. Welch,* 71 Mich. 548. Counsel also insists and cites authorities to sustain its contention, that Local Act creating the Faunsdale dispensary is unconstitutional.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

DENSON, J.—Upon the trial of this case it was proved, without conflict in the evidence, that A. D. Wilburn carried on, in the town of Faunsdale, the business of a retail dealer in spirituous, vinous, and malt liquors, and that the defendant was his clerk and sold such liquors for the said Wilburn at his place of business in Faunsdale, in Marengo county; that during a part of the time such business was carried on, and when defendant sold the liquors, a dispensary was in operation within the said town. Said Wilburn, before engaging in said business and before the defendant sold the liquors, applied to Hon. S. H. Sprott, judge of the Sixth judicial circuit, for a mandamus to compel the judge of probate of Marengo county to issue to him a license as a retailer of spirituous, vinous, and malt liquors in Faunsdale. The application was in all things regular, and showed that the petitioner was entitled to have the license issued, provided the act authorizing the establishment of a dispensary at Faunsdale, approved September 26, 1903, was not constitutionally enacted. On presentation of the application for mandamus to Judge Sprott, he granted a rule nisi to the probate judge, commanding

him to issue the license as prayed, or appear at the next
term of the circuit court of Marengo county and show
cause why he should not issue the license.   Upon the
service of the rule on the judge of probate he'issued the
license, and Wilburn held the license when the defend-
ant made the sale of liquors for which he was indicted.
All this the defendant sought to show in his defense;
but, on objection by the state, the court ruled that such
evidence was not competent or relevant.   On June 30,
1905, the act authorizing the establishment of the dis-
pensary at Faunsdale was held to be constitutional.—
*State v. Wilburn,* (Ala.) 39 South. 816; *City of Union-
town v. Glass,* 145 Ala. 471, 39 South. 814.   And, while
the question is again presented in this appeal, we de-
cline to reopen it; nothing new being now suggested.

It is urged, however, that, notwithstanding the act is
constitutional, the license, having been granted in re-
sponse to a rule nisi, protected the defendant from pros-
ecution.   This contention, according to previous de-
cisions of this court, is unsound.—*Brame's Case,* 148
Ala. 629, 38 South. 1031; *Russell's Case,* 77 Ala. 89;
*Norwood v. Louisville & Nashville Railroad Co.,* 149 Ala.
158, 42 South. 683; *Boyd's Case,* 53 Ala. 601.

It is further argued that, as the defendant was oper-
ating under a license, valid or invalid, there was a lack
of intent to commit a crime, and the defendant should
have been permitted to offer the evidence to show the
lack of intent.   Guilty knowledge or intent is generally
an essential element in crime; but under a statute pro-
viding police regulations, which makes the doing of a
certain act a misdemeanor, the doing of the act volun-
tarily is evidence of the unlawful intent, and no other is
requisite.—*Bain's Case,* 61 Ala. 75; *Mullen's Case,* 82
Ala. 42, 2 South. 481, 60 Am. Rep. 731; *Thomas' Case,*
92 Ala. 85, 9 South. 398; *Barker's Case,* 126 Ala. 83, 28

South. 589; *Fielding's Case,* 135 Ala. 56, 33 South. 677. It follows that the court did not err in declining to admit the evidence to which we have referred. Nor could the fact that the dispensary sold its stock of liquors to Wilburn after he obtained the state and county license, or the granting of a license to him by the city, have been any excuse or defense.to the indictment. The city was without authority to issue such license.—Loc. Acts 1903, pp. 559, 562.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.