# Jordan v. The State.

## Abusive or Insulting Language.

(Decided April 8, 1915.  68 South. 585.)

1. *Disorderly Conduct; Obscene Language.*—Under section 6217, Code 1907, the intentional use of the language denounced in the presence or hearing of a woman is an offense; it being immaterial that it was used in ordinary conversation, and without intent that it should be overheard.

2. *Same.*—A man's wife and his mother-in-law are within the protection of the statute, and hence, where defendant used the language denounced by section 6217, Code 1907, in his own house, and it was overheard by his wife and mother-in-law, he was guilty.

3. *Same; Jury Question.*—Where, in response to a remark by the father-in-law, the defendant said that he would drink when he damn pleased, and this was overheard by his wife and mother-in-law, the question whether he, in fact, used the language attributed to him, and whether it was insulting within the provisions of section 6217, Code 1907, was a question for the jury.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

John Jordan was convicted of using insulting, obscene or abusive language in the presence or hearing of·females, and he appeals. Affirmed.

LACKEY & ROWLAND, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

[Jordan v. The State.]

BROWN, J.—(1) The defendant was convicted under the third count of the complaint, charging him with the offense of using abusive, insulting, or obscene language in the presence or hearing of a woman, denounced by the latter clause of section 6217 of the Code. The language imputed to the defendant was, "Yes, I pay for my liquor, and I will drink it when I damn please," and was in response to a remark made by the state's witness Pitts, his father-in-law, made to the defendant, "You have been drinking again." The evidence on the part of the state tended to show that this language was used by the defendant while intoxicated, in his own home, and in the immediate presence and hearing of the defendant's wife and mother-in-law, Mrs. Pitts. The intentional use of abusive, insulting, or obscene language in the presence or hearing of any girl or woman is a violation of the latter clause of the statute without reference to the place in which it was used.—*McVay v. State,* 100 Ala. 112, 14 South. 862; *Thomas v. State,* 92 Ala. 85, 9 South. 398. If the language is intentionally used, it is immaterial that it was used in ordinary conversation, without intention that it should be heard by the girl or woman.—*Mullins v. State,* 82 Ala. 42, 2 South. 481, 60 Am. Rep. 731.

(2) The fact that the defendant was in his own house did not license him to use prohibited language, as the defendant's wife and mother-in-law were within the protection of the statute.—*Fulgham v. State,* 46 Ala. 143.

(3) Under the evidence in the case, it was a question for the jury whether the language attributed to the defendant was used by him, and whether it was, under the circumstances attending its use, insulting within the meaning of the statute, and the charges requested by the defendant were properly refused.—*Wiley v.*

*State,* 10 Ala. App. 251, 65 South. 204; *Turney v. State,* 168 Ala. 182, 52 South. 910; *Carter v. State,* 107 Ala. 146, 18 South. 232.

There is no error in the record, and the judgment of the county court is affirmed.

Affirmed.