152 So. 58

## TYUS v. STATE.
### 5 Div. 920.

### Court of Appeals of Alabama.
### Jan. 9, 1934.

Reynolds & Reynolds, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The affidavit follows the language of the statute, charging that defendant: "Did enter or go sufficiently near the dwelling house of Filmore Lockhart and in the presence or within the hearing of the family or a member of the family or the occupants thereof, made use of insulting or obscene language." The affidavit was not subject to any of the grounds of demurrer interposed.

The evidence for the state was the testimony of two deputy sheriffs, who had gone to the house of Lockhart, armed with a search warrant, to search the premises for prohibited liquor and this prosecution grew out of that search and was investigated by the deputies. The evidence of all of the other parties present, including the wife of Lockhart, who was the only woman present, flatly contradicts the testimony of the two witnesses who testified for the state.

The issues were simple, presenting nothing but elementary questions. It would therefore serve no good purpose nor add anything to the body of the law for us to enter into a detailed statement of the evidence or to pass seriatim on the various exceptions reserved to the introduction of testimony. Suffice it to say, the court confined the issue to the question of whether the language testified to by the state's witnesses, was used at the time and place and the proximity of the parties to Lockhart's house. In these various rulings there was no prejudicial error.

The court in his oral charge instructed the jury that the language as testified to by the state's witnesses as having been used was per se a violation of the statute if such language was used at the time and place and in the presence or hearing of a member of Lockhart's family. Usually it is for the jury to determine whether the language used was of the character charged, as was held in Carter v. State, 107 Ala. 146, 18 So. 232. But, where the language is such that common consent condemns it as unfit by reason of its obscenity in the presence of women, the court may assume its prima facie obscenity and vulgarity. The language as testified to by the state's witness was of this class. 46 Corpus Juris 864 (42) 2. Other questions are examined and held to be without prejudicial error.

There is no error in the record and the judgment is affirmed.

Affirmed.