29 So.2d 884

**TERRY v. STATE.**

**2 Div. 748.**

Court of Appeals of Alabama.

Jan. 28, 1947.

Rehearing Denied Feb. 25, 1947.

Judson C. Locke, of Marion, for appellant.

Wm. N. McQueen, Atty.Gen., and Geo. C. Wallace, Asst.Atty.Gen., for the State.

CARR, Judge.

The prosecution in this cause had its inception in the county court. There the appellant entered a plea of guilty to the charge of using obscene or insulting language in the presence or hearing of a girl or woman. Title 14, sec. 11, Code 1940.

From the county court an appeal was taken to the circuit court. In the latter jurisdiction, after a verdict of a jury adjudging the defendant guilty and assessing a fine of $50, the trial judge added as additional punishment 90 days hard labor for the county.

The State rested its case on the testimony of two witnesses, Mr. and Mrs. John Crews. The former deposed that the accused passed his place of business and repeatedly said, "God damn," that he asked the defendant to get quiet and he replied that he would get quiet when he got ready. Mrs. Crews testified that she was on the inside of her husband's filling station and heard the curse words we have indicated, but did not see the appellant's face. The defendant did not testify or offer any evidence.

When the State had concluded the introduction of its evidence and rested, defendant's counsel moved to exclude all the testimony offered by the State, "on the grounds the warrant was signed by J. K. Townsend and the testimony shows it was signed by the prosecuting witness, Mr. Crews. There is a variance in the testimony and the warrant."

We pretermit a decision on the soundness of the assignment and hold that it was too late to wait until the cause had reached the circuit court on appeal and for the first time make the attack set out above. Title 13, Secs. 346, 347, Code 1940; Williams v. State, 113 Ala. 58, 21 So. 463; Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603; Aderhold v. Mayor and City Council of Anniston, 99 Ala. 521, 12 So. 472; Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115, certiorari denied 246 Ala. 232, 20 So.2d 118.

Charge numbered 3 refused to the appellant is not a correct statement of the applicable law. The fact, if it be true, that the accused did not know of the presence of any females would not of itself excuse

the offense. Laney v. State, 105 Ala. 105, 17 So. 107; Jordan v. State, 13 Ala.App. 186, 68 So. 585.

The general affirmative charge for appellant constitutes the only other refused instruction. Clearly, it was not due to be given. Likewise the motion for a new trial was properly overruled.

Appellant's counsel insists, and it is his only insistence in argument in original brief, that the judgment of the lower court should be reversed because the trial judge imposed an additional sentence of 90 days hard labor.

It cannot be successfully contended that this authority was not vested in the trial court, nor that the offending statute does not provide for the additional punishment. Title 15, Sec. 328, Code 1940; Title 14, Sec. 11, Code 1940.

We do not construe the argument to base this position. The point is urged that the evidence in the case does not indicate a high degree of culpability and for this reason the court reached beyond his discretion, and such claimed abuse should be corrected by this court.

The opinion in the case of Sales v. State, 31 Ala.App. 19, 12 So.2d 101, indicates that a similar complaint was made. In disallowing the contention this court there cited a pertinent part from the body of the opinion in Wood v. State, 28 Ala.App. 464, 187 So. 250, 251: "Appellant complains bitterly at the severity of the punishment imposed upon him by the trial court * * *. As to the punishment imposed the trial court acted within the limit provided by Statute. * * * This was the prerogative of the trial court, and this court is without authority to review or revise his action in this connection." See also, Moore v. State, 154 Ala. 48, 45 So. 656; Dunn v. State, 8 Ala.App. 382, 62 So. 379; Yates v. State, 31 Ala.App. 362, 17 So.2d 776.

We find nothing in the record in the case at bar to warrant us in withdrawing the instant inquiry from the rule announced in the authorities just cited.

The judgment of the lower court is ordered affirmed.

Affirmed.