TYSON, Presiding Judge.
The indictment charged that the appellant “did knowingly and intentionally sell, furnish, or give away MARIHUANA, a controlled substance, to ALEX SMITH, contrary to the provisions of the Alabama Uniform Controlled Substances Act . ..”[1] The jury found the appellant guilty of sale of marihuana and assessed fine of $5000.00. The trial court theri;set sentence in accordance with this verdict; and, in addition, imposed a fifteen year sentence.
Alex Smith, working as an undercover agent for the Lee County Sheriff’s Department, testified that on the evening of April 3, 1974, he and a Don Williams went to appellant’s apartment, No. 25 Campus Inn in Auburn, Alabama, to inquire about the possibility of purchasing marihuana from the appellant The appellant indicated to Smith and Williams that he could sell them some, but stated that the marihuana was at another location about a half mile from his apartment, and that he would need to get a ride to go get it. Smith offered to take the appellant in his automobile, and, shortly thereafter, Smith and appellant drove to a house located on Black Street in Auburn. Appellant informed Smith that the price of the Columbian marihuana would be twenty dollars per lid, and he received from Smith a twenty-dollar bill to cover the purchase price. Appellant then got out of the ear, walked up to the front door of the house, and knocked. When the door opened, appellant leaned “about half his body” inside and received a lid of marihuana from an occupant therein. Appellant returned to Smith’s automobile with the lid of marihuana, and the two men then drove back to appellant’s Campus Inn apartment. There appellant removed a small amount of the marihuana from the plastic sandwich bag and added it to his own “personal stash” which he kept inside a small medicine bottle. Appellant then rolled up the plastic bag, sealed it by moistening the outer flap, and handed the marihuana to Smith. After leaving appellant’s apartment, Smith attached an identification tag on the bag of marihuana, telephoned and requested that Lt. Ronnie Watkins of the Lee County Sheriff’s Department meet him behind the Kwik Chek store in Opelika, and there Smith turned over to Lt. Watkins the bag of marihuana he had purchased from appellant.
Appellant presented an alibi defense, and through several witnesses sought to establish that on the night in question he had been in the continuous presence of one Sidney Brewer from 7:00 p. m. to 1:00 a. m. Appellant stated that he had recently joined the Omega Psi Phi Fraternity at Auburn University, and, as part of his pledge training, he was required to go over to Sidney Brewer’s (the “Dean of Pledges”) apartment to learn the “ ‘Do’s and Don’ts of Pledging.’ ” This particular pledge program lasted until 9:00 p. m., and, thereafter, both appellant and Brewer left Brewer’s apartment to get beer and their dates for the evening, then drove to appellant’s apartment where they remained in each other’s company until 1:00 a. m. The appellant emphatically denied the sale of marihuana to State Witness Alex Smith.
• I
Following the trial judge’s oral charge, and his giving thirteen of appellant’s written requested charges, the record reveals that the foregoing transpired:
“MR. PETTEY: Your Honor, I was wondering if the Court was going to charge on simple possession?
“THE COURT: Oh, no. I’m not going to charge on simple possession. I’m just charging on guilt or innocence.
“MR. PETTEY: All right. Well, we’d like to object to that ruling of the Court and to the jury charges not given. “THE COURT: Huh?
“MR. PETTEY: We’d like to object to not charging on simple possession and to the jury charges not given.
“THE COURT: Yes.”
After trial and notice of appeal, the appellant, pursuant to Rule 10(f), ARAP, filed *1242 a “motion for correction of the record” alleging that there had been omitted from the completed trial record a refused written charge, the substance of which was as follows [Supplemental Transcript, page 4]:
“Defendant’s Requested Charge No. 21 “This Court charges the jury that an indictment for sale of marihuana also embraces the charge of possession of marihuana, as defined to you by the Court.”
A hearing on appellant’s motion was held before Honorable Judge G. H. Wright, Jr. after the trial judge in this cause, Honorable Judge L. J. Tyner, recused himself from hearing appellant’s motion. During the hearing, appellant’s trial counsel, Honorable Robert Pettey, testified that he submitted the written charge, No. 21 (above), along with his other requested charges to Judge Tyner during trial. Judge Tyner’s testimony at the hearing was to the effect that if the Charge No. 21 was submitted along with appellant’s other charges, he did not see it, and that it was his recollection that the request to charge on “possession” was made by oral motion which, as indicated by the record, he overruled [R. 177] [Supplemental Transcript, 32-55].
This dispute between the two able officers of the court was decided adversely to appellant’s contention by Judge Wright’s denial of appellant’s motion to correct the record. ■ .
We, therefore, need not and should not decide whether or not Charge No. 21 in question is a correct statement of law since that issue is not properly before this Court for review. The record, in light of Judge Wright’s ruling below, reflects that the request to charge on possession of marihuana was made to the trial judge by oral motion, which was denied. Consequently, no ap-pealable question on this matter has been reserved for our review. We note the observation of Presiding Judge Cates in Wilder v. State, 52 Ala.App. 157, 290 So.2d 225:
“The court below denied defense counsel’s oral motion to charge the jury as to assault with intent to rob being a lesser included offense. The record is unprotected on this point: Code 1940, T. 7, § 273, prescribes that charges must be moved for in writing. Where the supposed fault of the oral charge is an omission merely this cannot afford a basis for an appellate court’s exercising revisory power, unless a written charge is tendered. Davis v. State, 246 Ala. 101, 19 So.2d 358.”
II
Appellant next contends that an imposition of a fifteen year sentence (in addition to a $5000.00 fine) for the sale of 6.81 grams of marihuana constitutes cruel and unusual punishment, thus violative of his rights under the Eighth Amendment to the United States Constitution.
We need not express our views on the excessiveness of the sentence here imposed on this young appellant, since this Court is without authority to review this issue so long as the sentence imposed by the trial judge is within the limits prescribed by our Legislature. Terry v. State, 33 Ala. App. 21, 29 So.2d 884; Title 22, Section 258(47), Code of Alabama 1940.
In Hall v. State, 54 Ala.App. 198, 306 So.2d 290, we find:
“. . . [W]e must remind appellant that the trial judge was acting within his discretion, and that if we were to reverse and remand because we disagree with him we would be abusing our discretion or usurping discretion which we do not have. . . . ”
We have carefully considered the entire record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby
AFFIRMED.
All the Judges concur.

. See Title 22, Sec. 258(47), Code of Alabama 1940.