HARRIS, Judge.
Appellant Marvin Clemmons was indicted by the Grand Jury of Geneva County, Alabama, on January 13, 1983. The indictment charged appellant with the attempted murder of James Kelly, in violation of § 13A-6-2, Code of Alabama, 1975, with a deadly weapon, to wit: a knife, in violation of § 13A-4-2, Code of Alabama, 1975. The appellant entered a plea of not guilty at his arraignment.
The action was tried on August 29, 1983, before Judge P.B. McLauchlin, Jr., Circuit Judge of Geneva County. After delibera *1325 tions, the jury returned a guilty verdict of assault in the first degree. After holding a sentencing hearing, the trial judge sentenced appellant to twenty years in the state penitentiary. This appeal followed.
The first issue presented for our review is whether the trial judge erred in failing to charge the jury on the lesser included offenses of assault in the second degree and/or assault in the third degree.
We are of the opinion that the trial court did not commit reversible error as to this issue.
A review of the record reveals that the appellant did in fact submit twenty-nine written charges to the trial judge. Several of those charges were used by the trial judge in his charge to the jury. The appellant now argues that the trial judge erred in not charging the jury on the lesser included offenses of second- and third-degree assault. A study of the “refused” charges that appellant presented to the trial judge reveals that the list did not embrace the lesser included offenses for the judge’s consideration. “Because the appellant failed to submit appropriate written charges on attempt to commit the crime charged, it was not error for the trial court to refuse to charge the jury on these possible lesser included offenses.” Bateman v. State, 408 So.2d 194 (Ala.Crim.App.1981). See Harville v. State, 386 So.2d 776 (Ala.Crim.App.1980). Therefore, the trial judge did not err by not charging the jury on the lesser included offenses referred to above.
Appellant also maintains that the trial judge imposed the maximum sentence allowed by statute due to the victim’s status as an attorney and as an officer of the court, and that this action was error.
The trial judge was acting within his spectrum of discretion when he sentenced appellant pursuant to the statute regarding punishment for a Class B felony. The appellant had been found guilty by a jury of an offense, assault in the first degree, which carried with it the maximum sentence of twenty years’ imprisonment. Nesbitt v. State, 343 So.2d 1240 (Ala.Crim.App.1977), reaffirmed the proposition that “this court is without authority to review this issue so long as the sentence imposed by the trial judge is within the limits prescribed by our Legislature.” See Hall v. State, 54 Ala.App. 198, 306 So.2d 290; Terry v. State, 33 Ala.App. 21, 29 So.2d 884 (1947).
Appellant also complains that the presentence investigation report compiled by the Court’s probation officer was misleading and that he, the appellant, was prejudiced by the Court’s failure to direct service of a copy of the report on appellant or appellant’s counsel. For these reasons, appellant contends that reversible error occurred. We disagree.
It is clear from the record that the sentencing aspect of the appellant’s trial was delayed pending a presentence investigation by the court’s probation officer. However, the trial judge did affirmatively direct the probation officer to file a copy of his presentence report not only with the court, but with State’s counsel and appellant’s counsel. • Apparently, appellant’s counsel never received a copy of the presentence report. Nevertheless, appellant’s counsel was well aware of the date of the sentencing hearing and had an opportunity to request a copy of the presentence report. The record does not reflect any objection or documentation by appellant’s counsel as to the court’s probation officer’s failure to send him a copy of the presentence report.
In Roden v. State, 384 So.2d 1248 (Ala.Crim.App.1980), we held that the failure of the State to apprise the defendant of allegations made in a presentence report in time enough to allow him to dispute and refute the allegations was not improper where the defendant never affirmatively requested to see the report and the defendant never requested an appropriate time to dispute the contents of the report.
In the case at bar, appellant’s failure to request disclosure of the presentence report prior to the imposition of his sentence negated any errors, such as the trial court’s probation officer’s failure to send a *1326 copy of the presentence report to appellant’s attorney.
Lastly, the appellant argues that the trial judge committed error by his failure to recuse himself in this particular case.
That the trial judge and victim knew each other and possibly enjoyed a friendship both professionally and socially is not reason enough to require the judge to re-cuse himself. 1 The appellant does not present supportive facts to justify his allegations of prejudicial error. Moreover, the record does not support a finding of bias prejudicial to the appellant.
We have carefully studied the record before us and have determined that none of the appellant’s substantial rights were infringed. Thus, the trial court’s judgment should be affirmed.
AFFIRMED.
All the Judges concur.