[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 515 
Matthew L. Beverly was convicted of the crime of "robbery or attempts thereof when the victim is intentionally killed," in violation of § 13A-5-31 (a)(2), Code of Alabama 1975. This court reversed that conviction in Beverly v. State,439 So.2d 758 (Ala.Crim.App. 1983), because the state failed to prove all the essential elements of common law robbery. On remand appellant was indicted and convicted of first degree murder, rape, and grand larceny. He received sentences of life, 60 years, and 10 years, respectively, to be served consecutively. He now appeals these convictions on a number of grounds.
The evidence, when considered most favorably to the state, reveals that on the tenth of April 1979, Melissa Hefner, age fifteen, and Scott Deroo, age nineteen, began hitchhiking from Superior, Wisconsin, to Tampa, Florida to visit Deroo's mother. Appellant Beverly and his two companions, Jerry Francis and Norman "Bubba" Cook, picked up the two hitchhikers in Birmingham, Alabama, between 8:00 and 9:00 on the night of April 11. Miss Hefner had with her a green duffel bag which contained her clothes and makeup, and Deroo had an orange backpack which contained his clothes and wallet.
The two hitchhikers rode with the appellant and his friends from Birmingham to Huntsville, Alabama, upon the appellant's offer of lodging for the night. On the trip from Birmingham to Huntsville everyone smoked marijuana and drank beer. At some point along the way the duffel bag and backpack were placed in the trunk of the car.
Upon arrival in Huntsville the appellant drove to Bubba Cook's residence and asked Bubba to give him some .22 caliber cartridges. Bubba went into his house and searched but was unable to find any cartridges. Jerry Francis then said he had some at his house and would give appellant a couple.
Jerry and the appellant then drove to Jerry's house. There, Jerry went into his house and then returned and gave six or seven cartridges to the appellant.
After receiving the cartridges, the appellant returned to the car alone and drove off with Deroo and Hefner in the back seat. Appellant drove out into the country and turned down a little dirt road into a field. Appellant stopped the car and told Deroo and Hefner that the radiator was overheating. He then got out and opened the trunk of the car. Appellant called out to Deroo, "Could you come here and help me a minute?" whereupon Deroo got out and walked to the back of the car. Miss Hefner next heard three shots. Appellant then got back into the car and bound Miss Hefner's hands and feet. He got back out of the car and Miss Hefner heard another shot followed by a gurgling sound and the sounds *Page 516 
of something being dragged along the ground in the bushes. Appellant then got back in the car and proceeded to rape Melissa.
Appellant then drove to a Tenneco Station with Miss Hefner tied up and lying in the back seat. When he attempted to leave, his car would not start so he paid an attendant to drive them to a friend's house, where he forced Miss Hefner to spend the night with him.
The next morning the appellant drove his friend's Toyota to the Tenneco Station, where he removed Miss Hefner's duffel bag and Deroo's backpack from the trunk of his car and placed them in the trunk of the Toyota.
They drove to a dirt road and parked. Appellant Beverly then went through Deroo's backpack, removing all the contents and looking at them closely, including Deroo's wallet. He did the same with Miss Hefner's duffel bag. Appellant then replaced the items, after wiping off his fingerprints. Appellant took Miss Hefner to an access ramp of the interstate highway where he let her out, after instructing her not to look at the car's tag or ever return to Huntsville.
Appellant drove away with Deroo's backpack in the trunk of the car. Miss Hefner was soon picked up by a passing state trooper. Beverly was arrested at the friend's house where he had forced Miss Hefner to spend the night.
The state proved that the murder weapon was a .22 caliber rifle which had been purchased by the appellant in July of 1976.
 I
The appellant first contends that the trial court erred when it denied his motion to quash and dismiss the indictment. Specifically, he contends that the indictment was amended and that this violated Ala. Const. 1901, Art. I, § 6, and the holding in Echols v. State, 16 Ala. App. 138, 75 So. 814 (1917). That case holds that a complaint which charges a complete offense and gives the defendant notice cannot be amended so as to charge another and different offense.
This contention is incorrect because the present indictment for murder, rape, and larceny is not an amended form of the original indictment for robbery when the victim is intentionally killed, which was the basis of Beverly v. State,439 So.2d 758 (Ala.Crim.App. 1983). Instead, the present indictment is separate and apart from the prior indictment and it charges appellant with the commission of distinct and separate crimes. We see no reason to believe that the present indictment is incorrect or deficient in any form. The trial court did not err when it refused to grant appellant's motion to quash and dismiss the indictment.
 II
Appellant next contends that he was subjected to double jeopardy. He bases this contention on the ruling in Burks v.United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that the double jeopardy clause precludes a second trial once the reviewing court finds the evidence legally insufficient to support a conviction. He claims that his new trial for murder, rape, and grand larceny was barred by the appellate court ruling in his first trial, Beverly v. State, 439 So.2d 758
(Ala.Cr.App. 1983), holding that the evidence was insufficient to support a conviction for robbery when the victim is intentionally killed. Specifically, this court held that there was insufficient evidence of all the essential elements of common law robbery because there was no evidence to prove that the victim was deprived of his property by force or fear as charged in the indictment.
The rape indictment under which the appellant was convicted was a reindictment. Upon his conviction for robbery when the victim is intentionally killed and his sentence to life without parole, the original rape indictment was nol-prossed. Jeopardy attaches only "when the jury has been impaneled and sworn, the indictment has been read to them, and the defendant has pleaded to the indictment." Andrews *Page 517 v. State, 397 So.2d 1116 (Ala.Cr.App. 1981). Since this did not occur on his original indictment for rape, appellant has no grounds upon which to argue former jeopardy.
Murder in the first degree and grand larceny fit the definition of lesser included offenses of "robbery when the victim is intentionally killed" because they can be established by proof of the same or fewer than all the facts required to establish the commission of the greater crime. Ala. Code § 13A-5-31, also compiled as § 13-11-2, Code of Alabama 1975, specifically prohibited conviction of any lesser offenses. Due to this fact, the appellant was protected from any conviction for murder or grand larceny at his original trial. Appellant, therefore, was not exposed to former jeopardy as to these offenses when he was indicted and convicted of murder and grand larceny in the case at hand.
This court is well aware of the United States Supreme Court's rulings in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978), and Greene v. Massey, 437 U.S. 19,98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which held that the double jeopardy clause precludes a second trial once the reviewing court finds the evidence legally insufficient to support a conviction. We are also aware of the emergence of two separate interpretations of these rulings as regards retrial for lesser included offenses. The current Alabama interpretation is exemplified by the rulings in Coleman v. State, 373 So.2d 1254
(Ala.Cr.App. 1979), and Watkins v. State, 389 So.2d 186
(Ala.Cr.App. 1980), which held that when a conviction based on insufficiency of the evidence is overturned the defendant may not be retried for a lesser included offense but that the court could proceed to sentence the defendant for the lesser included offense which the evidence did prove. The other interpretation is exemplified by the Texas court rulings in Black v. State,637 S.W.2d 923 (Tex.Cr.App. 1982), Moss v. State,574 S.W.2d 542 (Tex.Cr.App. 1978), Cruz v. State, 629 S.W.2d 852
(Tex.Cr.App. 1982), Granger v. State, 653 S.W.2d 868 (Tex.App. 1983), and Rogers v. State, 575 S.W.2d 555 (Tex.Cr.App. 1979), which held that upon reversal for insufficiency of the evidenceBurks and Greene v. Massey, barred retrial for the same offense but did not bar retrial for lesser included offenses. Because of the peculiar provisions of the former Alabama death penalty law, prohibiting convictions for offenses which would otherwise be lesser included offenses, we do not at this time reach this substantive issue.
Accordingly, we hold that the appellant had not been in jeopardy as to, and suffered no double jeopardy as a result of, his indictment, trial, and conviction for murder in the first degree and grand larceny.
In most instances, of course, a plea of former jeopardy is unavailing unless the offense presently charged is the same in law and fact as the former one relied on. Racine v. State,291 Ala. 684, 286 So.2d 896 (1973) and authorities cited therein.
 III
Appellant contends that his prosecution for rape was barred by the three-year statute of limitations on rape prosecutions.
The rape occurred in April 1979. An indictment was returned against appellant for the rape in May of 1979. In April 1982, this indictment was nol-prossed upon the appellant's conviction for murder during robbery in the first degree and his sentence to life without parole. Upon the reversal of this conviction the appellant was reindicted in February 1984. Alabama Code 1975, § 15-3-6, states that "When an indictment is . . . quashed . . . for any . . . cause . . ., the time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged." At the very most it appears that only 24 months elapsed in which no indictment was pending against the appellant after the date of the rape. Therefore, the prosecution of appellant for rape was not barred by the statute of limitations. *Page 518 
 IV
The appellant contends also that his prosecution for grand larceny should have been barred by the statute of limitations. Robbery when the victim is intentionally killed clearly embraces the crime of robbery. Robbery in turn embraces the lesser included offense of larceny. Carnathan v. State,18 Ala. App. 452, 93 So. 50 (1922). However, as noted above, § 13A-5-31, Code of Alabama 1975, under which appellant was indicted specifically precluded any indictment for lesser included offenses. Therefore, the state was prohibited from indicting the appellant for larceny until after the conviction for robbery when the victim is intentionally killed was overturned by this court. By operation of § 15-3-6, Code of Alabama 1975, "the time elapsing between the preferring of the first . . . indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged." Due to this, the three year statute of limitations did not run on the grand larceny prosecution.
 V
The appellant contends that the trial court erred in not staying the present proceedings pending the outcome of his petition for habeas corpus and that this denied him his right to appeal. The basis of the habeas corpus petition was that any further prosecution would amount to double jeopardy. The "plea of former jeopardy cannot be tested by petition for writ of habeas corpus, but must be specifically pleaded to the indictment." Powell v. State, 253 Ala. 41, 42 So.2d 693 (1949),Brooks v. State, 42 Ala. App. 69, 152 So.2d 441 (1963). The trial court did not err in refusing to stay the present proceedings, and the appellant was in no way denied his right to appeal.
 VI
The appellant next contends that the trial court erred in sentencing him under the "new (1981) law". Appellant was indicted and convicted under § 13-1-70, § 13-1-130, and § 13-3-50, Code of Alabama 1975. The sentences he received for each conviction were completely within those allowed upon conviction under these statutes. Wood v. State, 28 Ala. App. 464,187 So. 250 (1939); Terry v. State, 33 Ala. App. 21,29 So.2d 884, cert. denied, 249 Ala. 96, 29 So.2d 886 (1947);Nesbitt v. State, 343 So.2d 1240 (Ala.Cr.App. 1977).
 VII
Appellant contends that he should only be punished for the offense of murder because it was the most serious offense and because it occurred close in time to the other crimes of rape and grand larceny. Likewise, he contends that his consecutive sentences violate § 15-3-8, Code of Alabama 1975, which provides that "any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions." The appellant's argument is without merit. The crimes in question were not one act, but instead were separate and distinct and each of them arose as a result of different conduct of the appellant. "If the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second." Baldwin v.State, 47 Ala. App. 136, 251 So.2d 633 (1971). Here, the facts necessary for conviction of each offense stand separate and apart, and conviction of any one should not bar convictions of the others.
In connection with appellant's argument, he cites Yelton v.State, 56 Ala. App. 272, 321 So.2d 234, cert. denied, 294 Ala. 745, 321 So.2d 237 (1975), for the proposition that "under statutes requiring jury fixed sentences . . . the proper procedure is to set aside the lesser term when the greater has become final." The present sentences were not fixed by the jury. Under § 13A-5-1, Code of Alabama 1975, convicted defendants "shall be sentenced by the court." Presently, "[t]here is no provision for the determination of the sentence by the jury. (The only exception is capital cases. *Page 519 
§§ 13A-5-2 (f) and 13A-6-2 (c).) This is in accord with the law in most states that places the responsibility for decision exclusively with the trial judge." Commentary § 13A-5-1, Code of Alabama 1975. The rule in Yelton therefore no longer has any application.
There is no law which allows a defendant to have lesser sentences set aside simply by committing and being convicted of a more serious crime.
The trial court did not err in imposing a separate sentence for each offense or in directing that the sentences would be served consecutively.
 VIII
Lastly, the appellant contends that when the state nol-prossed the original rape charge that action amounted to an acquittal on that charge.
In Simpson v. State, 354 So.2d 317 (Ala.Crim.App.), cert. denied, 354 So.2d 324 (Ala. 1977), this court noted that where a case is nol-prossed at the request of the state prior to the impaneling of a jury, the re-indictment for the same offense is not barred by former jeopardy. Here, no jury had been impaneled when the nolle prosequi was entered. No trial on the rape indictment was entered upon, contrary to the allegation of the appellant, nor was the appellant placed in jeopardy prior to the nolle prosequi. Consequently, the nolle prosequi did not bar.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.