CÆSAR WATERS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On a trial for burglary in the night time, it is incumbent on the state to show affirmatively, by positive testimony or other satisfactory evidence, that the offense was committed in the night.

2. Where it appears from the evidence that the burglary must have been committed within a period of about forty or forty-five minutes—one-half of which was before the close of day—and there is nothing to throw further light on the question as to the time, the defendant should have the benefit of the doubt necessarily arising, and should not be convicted of burglary in the night time. And this rule ought to be the more readily extended to him, when the chief testimony relied on by the state is the possession by the defendant of the stolen property, to-wit: a watch, several days after the burglary was committed.

Criminal law. Burglary. Evidence. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

This case is sufficiently reported in the above head-notes.

JOHN A. WIMPEY, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

TRIPPE, Judge.

1. The proposition is unquestioned that in all criminal prosecutions it is incumbent on the state, on the traverse trial, to show affirmatively, either by positive testimony or other satisfactory evidence, that the defendant is guilty of the offense charged against him, or of some less crime which the law permits him to be found guilty of under the indictment. This rule applies to an indictment for burglary in the night. It was but a few years ago that this offense was punishable with death, or, by special recommendation of the jury, by imprisonment for life, whilst the penalty for burglary in the day was imprisonment from three to five years: Revised Code, sections 4321, 4322. Now the penalty for the former is imprisonment from five to twenty years; for the latter it is unchanged. Would it be going too far to say that when one

is prosecuted for burglary in the night, the testimony should be such as to the time when it was committed as to exclude all reasonable doubt upon that point, before a verdict of guilty could be authorized. If there had been no change in the penalty, and that was yet a capital one, the rule would scarcely be doubted. As it is, the maximum for one grade is twenty years in the penitentiary, for the other five years.

2. Where the evidence leaves the time in which the offense was committed exactly balanced between day and night, that is, that it was committed within a period of about forty or forty-five minutes, one-half of which was day, and one-half was night, the defendant should have the benefit of the doubt necessarily arising, and the conviction should not be for the highest grade. If a jury reasonably doubt whether a defendant be guilty of murder or manslaughter, that doubt is resolved in favor of life. So, if the doubt be as to different grades of manslaughter, the defendant should have the benefit of it, and the lowest grade covered by that doubt is to be found. It would be difficult to limit the application of this principle, and we think it should control this case. The chief evidence against this defendant was the fact that he was in possession of the watch, which was taken from the house several days after the burglary was committed. I will not remark upon the character of such testimony, whether it is always sufficient to convict, for the authorities are somewhat in conflict; but we say, that, under the proof in this case, we think the defendant should have the full benefit of the first rule we announce in this decision.

Judgment reversed.