# Gordon *v.* The State.

## *Indictment for Burglary.*

1. *Plea of former conviction or acquittal; sufficiency of.*—The test of the sufficiency of a plea of former conviction or former acquittal is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first. The two offenses must be the same, identical in law and in fact, or an acquittal or conviction of the one is not a bar to a prosecution for the other.

2. *Same.*—However closely connected in point of fact the offenses may be, if, in contemplation of law, they are distinct and different offenses, there is no protection against a prosecution for both, except in cases in which the State elects to prosecute for them as but one offense.

3. *Burglary and larceny; when conviction may be had for either under indictment for burglary.*—In burglary, if the intent to steal has been consummated, if there is not only the criminal breaking and entry, but an actual felonious taking of the goods of another, the burglary and larceny are so closely connected and so combined, that they may be charged in

[Gordon v. The State.]

the same count in the indictment; and in that form the indictment is regarded as charging but one offense, a combined offense, or rather burglary committed in a particular manner, and upon it there may be a conviction of either burglary or larceny; or there may be a general conviction, though but one punishment can be imposed.

4. *Same; plea of former conviction or acquittal.*—*It seems, in such case,* that on a former conviction or acquittal of the larceny, the defendant having been placed in jeopardy of conviction for a part of the offense charged against him, burglary, the constitutional guaranty would protect him from the peril and vexation of another trial; but this point is not decided.

5. *Same; when former conviction or acquittal of the larceny no bar to an indictment for burglary.*—But when, as in this case, the indictment for burglary charges that the breaking and entry were done *with an intent to steal,* a former conviction or acquittal of the larceny which, it is averred, he intended to commit, when he committed the burglary, will not constitute a bar to the indictment for the burglary; for upon the former trial he could not have been convicted of the offense now charged, nor would the evidence which would support a conviction on the present indictment have availed for a conviction on the first.

APPEAL from City Court of Mobile.
Tried before Hon. O. J. SEMMES.
The opinion sufficiently states the facts.

T. H. SMITH, for appellant, cited *Adams v. The State,* 55 Ala. 143; *Moore v. The State, ante* p. 307.

H. C. TOMPKINS, Attorney-General, for the State. (No brief came to the hands of the reporter.)

BRICKELL, C. J.—The indictment, in the form prescribed by the Code, charges the defendant with having broken into and entered a building, structure, or inclosure, designated in the statute (Code of 1876, § 4343), with intent to steal, an offense which, whether committed in the night or day, is converted into, and punished as burglary. The plea interposed, we shall accept and consider, as it was accepted and considered in the City Court, as averring that upon an indictment charging simply larceny the defendant has been convicted of the larceny it is now averred he intended to commit, when he committed the criminal breaking and entry. The question is thus directly presented, whether the conviction of the larceny is a bar to a prosecution for the burglary.

An indictment for burglary must of necessity be framed as is the present indictment, when the criminating element is an intent to steal, if there is not an actual larceny; averring no more than the evil intent. But if the intent has been consummated; if there is not only the criminal breaking and entry, but an actual felonious taking of the goods of another, the burglary and larceny are so closely connected and so combined,

VOL. LXXI.

[Gordon v. The State.]

that in the same count of the indictment the two may be charged. In that form, the indictment is not subject to objection for duplicity; it does not offend the important rule of the common law, that in a single count two offenses can not be charged or joined. It is regarded as charging but one offense, a combined offense, or rather burglary committed in a particular manner, and upon it there may be a conviction of either burglary or larceny; or there may be a general conviction, though but one punishment can be imposed.—*Fisher v. State*, 46 Ala. 717; *Wolf v. State*, 49 Ala. 359; *Commonwealth v. Tuck*, 20 Pick. 356; *Commonwealth v. Hope*, 22 Pick. 1; *State v. Squires*, 11 N. H. 37; *Jones v. State*, *Ib.* 269; *State v. Brady*, 14 Vt. 353; *Breese v. State*, 12 Ohio St. 146; 1 Bish. Cr. Law, § 1062. If the present indictment had been in this form, if it had proceeded further, and averred the actual commission of larceny, a different question would have arisen from that which is now presented. Upon a valid indictment, before a court of competent jurisdiction, the defendant would have been in jeopardy of a conviction for a part of the offense charged against him, and, it may be, the constitutional guaranty would protect him from the peril and vexation of another trial. But upon the former trial he could not have been convicted of the offense now charged; nor would the evidence which will support a conviction on the present indictment have then availed for a conviction. The test to which a plea of former conviction or former acquittal must be subjected, is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first.—*State v. Standifer*, 5 Port. 523; *Foster v. State*, 39 Ala. 229; *Dominick v. State*, 40 Ala. 680. The two offenses must be the same—must be identical *in law and in fact*—or an acquittal or conviction of the one, is not a bar to a prosecution for the other.—4 Lead. Cr. Cases, 555; *Commonwealth v. Roby*, 12 Pick. 496. However closely connected in point of fact the offenses may be, if, in contemplation of law, they are distinct and different offenses, there is no protection against a prosecution for both, except in cases where the State may elect to prosecute for them as but one offense. The guaranty of the constitution does not extend to several prosecutions for several offenses, but to repeated prosecutions for the *same offense*. The doctrine is very clearly expressed by Shaw, C. J., in *Commonwealth v. Roby, supra:* " The pleas of a former acquittal and former conviction must be upon a prosecution for the same identical act and crime. It must appear to depend upon facts so combined and charged as to constitute the same legal offense or crime. It is obvious, therefore, that there may be great similarity in the facts, where there is a substantial legal difference in the nature of the crimes;

[Gordon v. The State.]

and, on the contrary, there may be considerable diversity of circumstances, where the legal character of the offense is the same, as where most of the facts are identical, but by adding, withdrawing, or charging some one fact the nature of the crime is changed; as where one burglary is charged as a burglarious breaking and stealing certain goods, and another as a burglarious breaking with intent to steal. These are distinct offenses." The result of the authorities upon the immediate question is expressed by Mr. Bishop with his accustomed clearness and accuracy (though he doubts if they do not press more heavily against defendants, than is consistent with the humane policy of our criminal jurisprudence), in these words: "If a man in the night breaks and enters a dwelling-house, intending to steal therein, and there does steal, he may be punished for two offenses or one, at the election of the prosecuting power. If in a single count the indictment charges him with breaking, entering, and stealing, his offense is single, being burglary committed in a particular manner; but if a first count sets out the burglary as perpetrated by breaking and entering with intent to steal, then a second count may allege the larceny as a separate thing, and he may be convicted and sentenced for both. Therefore, an acquittal on an indictment charging the burglary as committed by breaking and entering with intent to steal is no bar to a prosecution for the actual theft. And a conviction of the latter will not bar an indictment for the former."—1 Bish. Cr. Law, § 1062; See also *State v. Warner*, 14 Ind. 572; *Wilson v. State*, 24 Conn. 57.

The proposition pressed most strongly by the counsel for the appellant is, that the burglary and larceny were but one act or transaction, and that it is not competent to divide or split it up into two or more indictable offenses. The State can not split up a crime and prosecute for it in parts; and a prosecution for a part will bar a further prosecution for the whole, or any of its parts.—*State v. Johnson*, 12 Ala. 840; *Foster v. State*, 39 Ala. 229; *Moore v. State, ante*, p. 307. But it can not be asserted properly and justly that the burglary and the larceny constituted a single act, or but a single crime. The burglary was a completed act, having every element and ingredient of a distinct, substantive offense, before the larceny was committed; while it rested only in intention. Until it was completed, the larceny was not committed; and while the two criminal acts may be regarded and indicted as a combined crime, neither enters into the nature or substance of the other.— *Wilson v. State*, 24 Conn. 57.

We find no error in the record, and the judgment must be affirmed.