215 So.2d 602

James **GOOLSBY**

v.

**STATE of Alabama.**

**6 Div. 543.**

Supreme Court of Alabama.

Oct. 3, 1968.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for petitioner.

James Goolsby, pro se.

PER CURIAM.

Pursuant to petition here filed by the State of Alabama, this court granted a writ of certiorari directed to the Court of Appeals to send up its record in the foregoing cause for review and consideration by this court.

Petitioner asserts that the Court of Appeals "erred in holding that the record on

appeal must show that the trial judge considered time served in prison by the appellant on a void judgment when sentencing said appellant after conviction on a new trial."

■ We agree with the Court of Appeals that the trial judge committed error requiring remand, but not reversal, on allocutus, to inquire as to the time defendant had served, including credit for good behavior, on a former conviction for the identical offense. This inquiry was pertinent in this particular case, but not necessarily mandatory in all cases.

In the instant case, the defendant was indicted in July, 1959. The indictment contained a count for burglary in the second degree, to which the defendant pled guilty, and was sentenced to the maximum of ten years imprisonment in the penitentiary. He was not represented by a lawyer when he entered this plea. This conviction was subsequently vacated on the prisoner's petition and a new trial was ordered. He was convicted by a jury on a plea of not guilty and again sentenced by the trial judge to ten years imprisonment for the identical offense.

We think that the trial court, on allocutus after conviction the second time, should have made inquiry as to the length of imprisonment, with credit for good behavior, that the defendant had served on the first conviction and sentence, and should have credited the time so served on the proposed ten year sentence. Without such credit defendant would be serving time beyond the maximum fixed by law for the offense of burglary as charged in the indictment.

Such excessive punishment would be in violation of the due process and equal protection provisions of Section 1 of the Fourteenth Amendment to the Constitution of the United States, which are now applicable to the several states.

When the defendant is resentenced, the total sentence in point of time, when added to the time already served including credit for good behavior, should not exceed the maximum of ten years. It may be less, within the discretion of the trial court, but not in excess.

We pretermit consideration of the validity vel non of a longer or harsher sentence following a second judgment of conviction than was pronounced on the first judgment of conviction which was invalid. The question of harsher punishment (within lawful limits) on the second conviction than was imposed on the first is not here involved. We have here an excess imprisonment above the maximum.

■ We are not in accord with the statement in the opinion that the sentencing authority should consider at least certain factors (A to G, inclusive) which are set forth in the opinion. These guidelines might be helpful suggestions to the trial judge in reaching a conclusion as to proper and reasonable punishment to be imposed on a defendant who has been convicted of a felony, but we do not think the trial judge should be mandatorily fettered by these considerations. The record need not affirmatively show such considerations.

■ The trial court, in certain offenses, has the prerogative to assess punishment within the legal limits, as sound discretion should dictate. Yates v. State, 31 Ala.App. 362, 17 So.2d 776, cert. den. 245 Ala. 490, 17 So.2d 777; 7 Ala. Digest, Criminal Law, § 1208(2).

Our appellate court should not usurp or invade the discretionary authority of the trial court in fixing punishment, within lawful limits, by the establishment of mandatory guidelines which the Court of Appeals set out with direction they should be considered.

The opinion of the Court of Appeals is modified. Its judgment affirming the judgment of guilt entered by the trial court and remanding the cause for proper sentence (in conformity with this opinion) is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.