229 So.2d 821

**Clarence Aubrey ROBINSON**

v.

**STATE.**

**1 Div. 41.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1969.

Wilters & Brantley, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from denial of coram nobis. Robinson claims he was not given credit for time served on a former sentence. On the second sentence, the court gave him ten years whereas his first term was twenty. At the time of the second sentence, Robinson had spent some four or five years in prison.

We consider the question can only be raised in a State court by direct appeal.[1] See Goolsby v. State, 44 Ala.App. 535, 215 So. 598 and Aaron v. State, 43 Ala.App. 450, 192 So.2d 456.

The judgment below is

Affirmed.

---

**1.** As I understand it, Robinson contends that a sentence must now affirmatively read in substance: "aggregate sentence ———— less credit for ———— spent on the prior sentence heretofore set aside." This, perhaps, would be a desirable way for clerks to write up such sentences, but we do not think that this is the only mode of giving credit. See Goolsby v. State, 283 Ala. 269, 215 So.2d 602.

Here the record shows that in pronouncing the ten-year sentence, the court was aware of the time Robinson had spent on the twenty-year sentence. Nothing in Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, supports Robinson's claim of error, even if this case were adjudged by Federal habeas corpus standards.