263 So.2d 176

**In re Bobby DUKE**

v.

**STATE.**

**Ex parte Bobby Duke, alias etc.**

**7 Div. 916.**

Supreme Court of Alabama.

April 27, 1972.

For decision after second remand see Ala.Cr.App., 263 So.2d 177.

Gus W. Colvin, Jr. and James S. Hubbard, Anniston, for petitioner.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

LAWSON, Justice.

We granted the petition for writ of certiorari filed by Bobby Duke, alias, to review the decision and judgment of the Court of Criminal Appeals in the case of Duke, alias v. State, Ala.Cr.App., 263 So.2d 165.

In Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469, the Supreme Court of the United States held that the principle of collateral estoppel which bars relitigation between the same parties of issues actually determined at a previous trial is embodied in the Fifth Amendment guaranty against double jeopardy and is applicable to the states by force of the Fourteenth Amendment.

The opinion in the *Ashe* case, *supra*, was delivered on April 6, 1970, approximately four months after Bobby Duke was tried and convicted in the Circuit Court of Calhoun County. Duke's pleas of autrefois acquit were not sustained.

The Court of Criminal Appeals refused to apply the holding in the *Ashe* case, *supra,* on the ground that such holding "is prospective, applying only to trials of pleas of autrefois acquit held after April 7, 1970."

We entertain the view that the holding of the Court of Criminal Appeals is not in accord with the decision of the Supreme Court of the United States in Simpson v. Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L. Ed.2d 549.

It follows that the judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court for further proceedings.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, and McCALL, JJ., concur.

