286 So.2d 78

**James WASHINGTON**

**v.**

**STATE.**

**4 Div. 249.**

Court of Criminal Appeals of Alabama.

Nov. 13, 1973.

Herman Cobb, Dothan, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Petitioner was tried and convicted of murder in the first degree on August 27, 1968, and sentenced to death in the electric chair. For errors of law committed during his murder trial, the Supreme Court of Alabama reversed and remanded the case on August 5, 1971. 287 Ala. 289, 251 So.2d 592. During this three-year period, Petitioner was on "death row." There were other criminal offenses pending against him in the Circuit Court of Houston County, including assault to murder, leaving the scene of an accident, and grand larceny.

After the murder case was reversed, the State of Alabama placed a detainer against petitioner on the grand larceny charge and he was transferred to the Houston County jail. In October of 1971 he appeared before one of the circuit judges of Houston County and pleaded guilty to grand larceny and received a sentence of nine years in the penitentiary.

In his petition for writ of error coram nobis he alleges that he was advised that if he did not plead guilty to the grand larceny charge he was going to be retried for murder; that because of this threat and intimidation he was coerced into pleading guilty, and that such plea was involuntary. He further contends in this petition that if the court does not agree with his assertion that the grand larceny conviction is null and void, that he should be given credit for the three years and seven months he spent on "death row" and apply this time against the nine-year sentence he is now serving.

The state filed a motion to dismiss the petition setting forth nine grounds. The ninth ground reads, "For that it appears from the face of the petition that Petitioner entered a plea of guilty after the filing of his motion for a speedy trial." Other grounds take the point that the matters urged in the petition were available to him at the time of his grand larceny trial, and that he failed to allege his innocence and that he had a valid defense.

The court granted the petition for a hearing and appointed counsel to represent petitioner. At this hearing petitioner testified that he was expressly waiving all grounds of his petition except the time he "illegally" served on the murder conviction; that the three years and seven months so served should be applied on his nine-year sentence imposed following his guilty plea to grand larceny.

The judgment rendered by the trial court is as follows:

"This proceedings is based upon the petition of James Washington for a Writ of Error Coram Nobis; the said petition having been filed with the Clerk of the Circuit Court, Houston County, Alabama, on the 15th day of March, 1972, and the same having been assigned to Circuit Judge Keener Baxley and later assigned to the undersigned Judge. The Court, on the 1st day of March, 1973, issued an order appointing Honorable Herman Cobb, a competent and experienced attorney practicing at the Bar of the 20th Judicial Circuit of Alabama, to represent the said petitioner in said proceedings, and further ordered that a hearing thereon be held on April 3rd, 1973, at 11:00 A.M. in the Courthouse in Dothan, Houston County, Alabama.

"Notice was given to all of the named parties, including the petitioner, and the said petitioner being present before the Court, together with his appointed counsel on the 3rd day of April, 1973; the petitioner made known to the Court that he was not pursuing the grounds for a Writ of Error Coram Nobis which he had alleged in his petition, but instead in this hearing was asking the Court to grant him credit on the sentence which he is now serving on a plea of guilty to grand larceny in the Circuit Court of Houston County, Alabama, the time which he served under a death sentence for murder on a conviction of murder in the first degree in the Circuit Court of Houston County, Alabama, which was subsequently reversed by the Supreme

Court of Alabama, and later nolle prosqued by the District Attorney of the 20th Judicial Circuit of Alabama; the testimony of the petitioner did not establish that he was entitled to a Writ of Error Coram Nobis nor to the relief requested in his testimony, now, therefore,

"IT IS ORDERED AND ADJUDGED BY THE COURT that the petition of James Washington for a Writ of Error Coram Nobis be, and the same is hereby dismissed out of this Court, and the additional relief sought is hereby denied. The Court orders that the Sheriff deliver the said petitioner, James Washington, back into the custody of the proper authorities for the execution of his sentence.

"IT IS FURTHER ORDERED BY THE COURT that a copy of this judgment shall be furnished by the Clerk of the Circuit Court to the Attorney General of Alabama; to the District Attorney of the 20th Judicial Circuit of Alabama; to the Honorable Herman Cobb, attorney for the petitioner; to the petitioner, James Washington, at Rt. 2, Box 38, Atmore, Alabama; to the Warden of Atmore State Prison, Atmore, Alabama and to the Board of Corrections, Montgomery, Alabama; by mailing a copy thereof, properly addressed and stamped and deposited in the United States Post Office.

"DONE AND ORDERED this 29th day of May, 1973.

"Forrest L. Adams
Judge, 20th Judicial Circuit of Alabama."

The court granted petitioner's request for a free transcript and appointed trial counsel to represent him on appeal.

The Federal courts may grant the petitioner the relief he seeks, (Hill v. Holman, D.C., 255 F.Supp. 924; Youst v. United States, 151 F.2d 666—5th Cir.), but we have several cases holding that this ques-

tion is not reviewable by writ of error coram nobis. Reynolds v. State, 45 Ala.App. 142, 227 So.2d 139; Robinson v. State, 45 Ala.App. 322, 229 So.2d 821; Goolsby v. State, 283 Ala. 269, 215 So.2d 602.

Affirmed.

All the Judges concur.