317 So.2d 329

**Thomas William YELTON, alias**

v.

**STATE.**

**3 Div. 231.**

Court of Criminal Appeals of Alabama.

May 7, 1974.

Rehearing Denied June 4, 1974.

**490**

David T. Hyde, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was convicted the second time for murder in the first degree. Sentence in each conviction, followed by proper judgment, was life imprisonment. The judgment in the first trial was reversed and remanded. *Yelton v. State,* 50 Ala.App. 168, 277 So.2d 912, cert. den. 291 Ala. 804, 277 So.2d 916.

The victim had been separated from his wife until a very short period before the homicide, which occurred in the bedroom of the victim and his wife. Sufficient details appear in the published report of *Yelton v. State, supra.* It would serve no useful purpose to repeat and elaborate on them here.

■ Error to reverse and remand in this appeal lies in the admission of secondary evidence over an appropriate and timely objection of the appellant, which was overruled.

The admitted exhibit one, secondary evidence, was a photostatic copy of some known fingerprints of the appellant. This copy was used in evidence to compare some latent fingerprints of the appellant that were lifted from a ledge or sill of a window that opened into the room where the homicide took place. Comparisons were made by an expert who testified that the latent fingerprints and those of exhibit one were the same. The comparative and identifying testimony was material evidence in the case.

This court takes judicial knowledge of its own records. *Statham v. Statham,* 282 Ala. 322, 211 So.2d 456(6). The original of exhibit one, the secondary evidence, was on file in this court at the time of the second trial and was lawfully available had the state made timely and appropriate efforts to get it as provided by law.

> "Photostatic copies, very useful in many respects, are secondary evidence. 32 C.J.S., Evidence, § 815, page 747."

This quoted pronouncement appears in *Aircraft Sales & Service v. Gantt,* 255 Ala. 508, 52 So.2d 388, which cites *Hosey v. Southport Petroleum Co. of Delaware,* 244 Ala. 45, 12 So.2d 93(6), which also quotes this principle of law with approval.

Had request been made within thirty days pursuant to Supreme Court Rule 51,

or after that, then if the exhibit one had not been destroyed, the clerk of this court would have forwarded the exhibit to the attorney submitting the request. The exhibit has not been destroyed at this time.

We pretermit considering appellant's other contentions of error. Many of such contentions may not find factual foundation at the next trial.

Because of the error in overruling appellant's objection to the admission of exhibit one when the original was available, the judgment is reversed and the cause remanded for further consideration of the trial court.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

CATES, P. J., and TYSON, HARRIS and DeCARLO, JJ., concur.

### ON REHEARING

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

We will make a brief elaboration of the evidence to support our statement in the opinion that the fingerprint evidence was material in the case. Appellee asserts on rehearing that the ruling of the court which admitted the secondary evidence was error without injury. Supreme Court Rule 45.

There was evidence that the victim's wife and appellant had been having sexual relations prior to the homicide.

The victim's widow testified that after she and her husband returned late at night with friends from a party at Opp, appellant was present in their home, and that he then and there killed her husband by shooting him.

The appellant denied this testimony. He testified that Mrs. Henderson came after him at Henley's camp house in Hayneville where he was then living. They both went from there to her home where the victim was dead from a gunshot wound. The appellant further testified that Mrs. Henderson told him, after reaching her home, that she had shot her husband during an argument. Thereafter they took off to North Carolina and back to Greenville, traveling in an automobile. Appellant denied his guilt. We omit details of the itinerary.

Appellant's alleged fingerprints on the window ledge or sill were material evidence on the issue of appellant's presence vel non in the home of the Hendersons on their return from Opp.

The opinion is extended and the application for rehearing is overruled.

The foregoing was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his decision is hereby adopted as that of the Court.

Opinion extended. Application for rehearing overruled.

All the Judges concur.