304 So.2d 237

**Frank CLEVELAND**

v.

**STATE.**

**3 Div. 273.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

George W. Cameron, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

First degree burglary: sentence, ten years.

We are compelled to reverse because upon a consideration of the entire evidence the proof failed to show that the averred breaking and entering took place in the nighttime.[1] The proof would have, however, supported a charge of statutory burglary in the second degree.

Mrs. Moore (the housewife) testified that when she got up to go see who was at the door, it was dark and there was no light on in the house (R. 11). Yet she said that she saw the form of a hand inside the door (R. 11). On being questioned about the condition of the morning, Mrs. Moore testified that it was just beginning to get light outside (R. 12), but that it was still dark—just the break of day.

Mr. Moore testified that he looked at the clock at the time of the burglary, and that it was "about ten minutes till five." (R. 15) When he looked outside he saw a man running away from the house, apparently seeing him clearly enough to determine that he was black. (R. 15)

1. In *Simmons*, 40 Ala.App. 98, 108 So.2d 184, Harwood, P. J., wrote:
   "In this state the elements of burglary in the first degree are: 1. A breaking and entering. 2. in the nighttime, 3. of an inhabited dwelling house, or any other house or building occupied by any person lodged therein, 4. with intent to steal or to commit a felony.
   "At common law burglary was regarded as an offense against a habitation. Our statute is directed toward protection of the person as well as property. Reeves v. State, 245 Ala. 237, 16 So.2d 699."

Two officers testified that it was just beginning to get light at the time of the incident. (R. 26, 30)

The National Weather Service at Montgomery says that the sun rose on June 24, 1973, at 5:40 A.M., and at the Montgomery airport weather conditions at 4:55 A.M. revealed high, then, scattered clouds.

At Common Law the admeasurement of night was that the darkness is such that one cannot discern a man's face.[2] Here the only eye witness to the entry testified that on June 24, 1973, she could see a hand reaching through the outside front door.

This witness's then husband testified he saw a black man run across the front lawn.

In Waters v. State, 53 Ga. 567, it is said in part:

"Where the evidence leaves the time in which the offense was committed exactly balanced between day and night, that is, that it was committed within a period of about forty or forty-five minutes, one-half of which was day, and one-half was night, the defendant should have the benefit of the doubt necessarily arising, and the conviction should not be for the highest grade. * * *"

Undoubtedly it was here incumbent for a first degree burglary conviction on the State under *Simmons* (fn. 1, supra) to prove beyond a reasonable doubt that there was not enough natural light to discern a man's face.

Under the instant record it was error for the trial judge to refuse the affirmative charges as to first degree burglary. Indeed, *as to this offense* the defendant would have been entitled to a directed verdict ex mero motu. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L. Ed.2d 654.

The judgment below is reversed and the cause remanded for trial de novo.

Reversed and remanded.

All the Judges concur.

2. See Blackstone, iv Com. 224:
  "* * * As to what is reckoned night, and what day, for this purpose: anciently the day was accounted to begin only at sun-rising, and to end immediately upon sun-set; but the better opinion seems to be, that if there be daylight or *crepusculum* (twilight) enough, begun or left to discern a man's face withal, it is no burglary. (*u*) But this does not extend to moonlight; for then many midnight burglars would go unpunished: and besides, the malignity of the offence does not so properly arise from its being done in the dark, as at the dead of night; when all the creation, except beasts of prey, are at rest; when sleep

has disarmed the owner, and rendered his castle defenceless."
See also 12 C.J.S. Burglary §§ 13 and 14; 13 Am.Jur.2d, Burglary, § 22; Anno. 82 A. L.R.2d 644; State v. Frank, 284 N.C. 137, 200 S.E.2d 169.

For motor vehicles to use headlights our Legislature, in derogation of the Common Law, has used the metewand of a half hour before sunrise to a half hour after sunset, or whenever there is not 500' visibility.

In Funches, 53 Ala.App. ——, 299 So.2d 771 we cited with approval from State v. Cain (Mo.App.) 31 S.W.2d 559, which in effect adopted the Blackstonian definition.