317 So.2d 335

Thomas William YELTON, alias

v.

STATE.

3 Div. 231.

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Nov. 12, 1974.

**492**

David T. Hyde, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

After remand from the Supreme Court of Alabama

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

On reconsideration after remand, affirmed on authority of *Ex parte State,* etc.. 293 Ala. 340, 317 So.2d 331, dated August 8, 1974.

The foregoing was prepared by Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.

## ON REHEARING

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant renews his contention, asserted on the original submission, that the trial court erred in admitting in evidence, after appropriate objection, his waiver of Miranda rights (Exhibit 26, Tr. 220) and his inculpatory statement (Exhibit 27, Tr. 222) due to his demand, prior to signing, for an attorney as mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The state's witness Herman Pitts, an officer who took the waiver and statement admitted that the defendant, prior to waiver, requested an attorney, who was not made available to the defendant pursuant to his demand.

It appears that the defendant took the witness stand and that Exhibits 26 and 27, *supra,* were offered in evidence after the defendant had testified in his own behalf. Voir dire examination of the witness, Pitts, and the defendant relative to said exhibits was held after the defendant concluded his testimony in his own defense.

■  We think the admission of said exhibits was free of error. The Supreme

Court in *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, held such a statement inadmissible against a defendant in the prosecution's case in chief, because of the lack of procedural safeguards required by *Miranda, supra. Harris* further held that such a statement, if its trustworthiness satisfied legal standards, may be used for impeachment purposes to attack the credibility of the defendant's trial testimony. *Walder v. United States,* 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503.

We quote from *Harris,* which was also approved in *Michigan v. Tucker,* 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (cited June 10, 1974), as follows:

> "Some comments in the *Miranda* opinion can indeed be read as indicating a bar to use of an uncounseled statement for any purpose, but discussion of that issue was not at all necessary to the Court's holding and cannot be regarded as controlling. *Miranda* barred the prosecution from making its case with statements of an accused made while in custody prior to having or effectively waiving counsel. It does not follow from *Miranda* that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards."

 Relating to appellant's contention that lawful predicate to the voluntariness in making and signing the statement was not laid, we refer to the record, wherein it appears that witness Pitts, on re-direct examination, testified with reference to the voluntary character of the statement as follows:

> "Q. Did you or anyone in your presence offer any violence to this person?
>
> "A. Did not.
>
> "Q. Promise him any hopes of reward?
>
> "A. No, sir.

> "Q. Tell him it would be worse on him if he didn't testify?
>
> "A. No, sir.
>
> "Q. Promise him any sort of inducement?
>
> "A. No, sir."

The other assertions of error on rehearing are without merit. The application for rehearing is due to be overruled.

The foregoing was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Opinion extended; application for rehearing overruled.

All the Judges concur.