321 So.2d 234

**Thomas William YELTON, alias**

v.

**STATE.**

**3 Div. 306.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Rehearing Denied June 17, 1975.

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Burglary, first degree: sentence, ten years imprisonment.

The indictment in pertinent part charged that Yelton "did, in the nighttime, with intent to murder, break into and enter the inhabited dwelling house owned by Phillip Henderson, located at 130 Hillcrest Drive, Greenville, Butler County, Alabama, which was occupied by Phillip Henderson, a person lodged therein against the peace and dignity of the State of Alabama."

In *Yelton v. State*, 3 Div. 166 and 3 Div. 231, Yelton was twice convicted of murder in the second degree in the death of Phillip Henderson. *Yelton v. State*, 50 Ala.App. 168, 277 So.2d 912 and 55 Ala.App. 491, 317 So.2d 329, now on petition for certiorari in the Supreme Court of Alabama.

Code 1940, T. 15, § 287, provides as follows:

"Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

In *Wildman v. State*, 42 Ala.App. 357, 165 So.2d 396, we followed the California practice of affirming a conviction of the second (or third, et seq.) of inseparable acts constituting multiple offenses. However, we remanded for setting aside the sentence for the shorter of two terms of imprisonment. We quoted extensively from *People v. McFarland*, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449. We refer thereto in the interest of brevity.

Unlike *Lawson v. State,* 33 Ala.App. 333, 33 So.2d 405 and *Wildman,* supra, both of Yelton's convictions are under statutes requiring jury-fixed sentences. In such cases the proper procedure is to set aside the lesser term when the greater has be-

come final.[1] Thus, if the first judgment of conviction were to be reversed on appeal or *rendered* by virtue of a post conviction proceeding such as coram nobis or Federal habeas corpus, then automatically the sentence in the second conviction would become operative with credit for the time served on the aborted first sentence. See *Goolsby v. State*, 283 Ala. 269, 215 So.2d 602.

Since 1935 burglary in the first degree has been a capital felony. Code 1940, T. 14, § 85, sets out the elements as: (1) in the nighttime; (2) with intent to steal or commit a felony; (3) breaking into and entering; (4) any inhabited dwelling house, etc., and occupied by a person lodged therein. *Simmons v. State*, 40 Ala.App. 98, 108 So. 2d 184; c. f., *Cleveland v. State*, 53 Ala. App. 734, 304 So.2d 237. The punishment ranges from ten years and upwards, or death at the discretion of the jury. For murder in the first degree since *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, life imprisonment is the only operative punishment; for second degree murder it is "not less than ten years, at the discretion of the jury."

■ Intent is the gravamen of the offense. The intended act need not be carried out. *Hamilton v. State*, 270 Ala. 184, 116 So.2d 906.

■ Here the same proof that showed ex post facto Yelton's intent to commit the felony of murder on the breaking and entering was the same that proved the perpetration of the homicide for which Yelton was initially convicted. We consider § 287 to be controlling.

*People v. McFarland*, supra, says:

"With respect to the procedure to be followed on appeal where double punishment has been erroneously imposed, it should be stressed that section 654 *proscribes double punishment, not double conviction*; conduct giving rise to more than one offense within the meaning of the statute may result in initial conviction of *both* crimes, *only one of which*, the more serious offense, *may be punished*. (*People v. Chessman*, 52 Cal.2d 467, 497, 341 P.2d 679.) The appropriate procedure, therefore, is to eliminate *the effect* of the judgment as to the lesser offense insofar as the *penalty alone* is concerned. * * *" (Italics added.)

New York (Penal Law, McKinney's Consol.Laws, c. 40, § 70.25[2]) differs in that it allows concurrent punishments, while California allows only one punishment, but *both* states allow *both convictions* to stand.

In both *McFarland,* supra, and *Wildman,* supra, there was but *one trial* resulting in *two convictions. Wildman* followed *McFarland* in remanding for *punishment under one or the other convictions,* allowing both convictions to stand. New York would have remanded for *concurrent·* sentencing.

Section 287, supra, concludes:

"* * * [A] conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision." (Brackets added.)

Had there been but one trial resulting in two convictions, *Wildman* would allow both convictions to stand, but require pun-

1. Collateral estoppel within the scope of *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, would seem to apply only where there has been an earlier acquittal. *Duke v. State*, 48 Ala.App. 188, 263 So.2d 165 (on special remand) reversed 288 Ala. 544, 263 So.2d 176; *United States v. Nash*, 4 Cir., 447 F.2d 1382; see Comment, *Ashe v. Swenson*: Collateral Estoppel, Double Jeopardy, and Inconsistent Verdicts, 71 Columbia L. Rev. 321–325 (Feb.1971); 74 Harvard L. Rev. 1, 40 (1960); Lugar, Criminal Law, Double Jeopardy, and Res Judicata, 39 Iowa L.Rev. 317, 318 (1954); Note, Twice in Jeopardy, 75 Yale L.J. 262, 284 (1965); Comment, Double Jeopardy and Collateral Estoppel in Crimes Arising from the Same Transaction, 24 Mo.L.Rev. 513, 523 (1959); McLaren, Res Judicata as Applied to Criminal Cases, 10 Wash.L.Rev. 198 (1935).

ishment to be administered under only one of the convictions. But here the prior conviction of murder, when final, would *bar the later prosecution* for burglary. However, since the murder conviction is still under appellate review, the cause is remanded for appropriate action when the other cause is terminated.

Reversed and remanded.

TYSON and BOOKOUT, JJ., concur.

HARRIS and DeCARLO, JJ., concur in result.

## ON REHEARING

The Attorney General, in his application for rehearing, appears to place a great reliance on *Gordon v. State*, 71 Ala. 315.

There is language in that opinion that says, where burglary is charged with larceny as a constituent element, there may be a conviction of either burglary or larceny; or, there may be a general conviction, though but one punishment may be imposed.

It would appear that the *Gordon* opinion was handed down by the Supreme Court on May 21, 1883.

Regardless of whatever effect *Gordon* might have, aside from Code 1940, T. 15, § 287, it must be clear that in adopting the 1923 Code, whence comes said § 287, that the Legislature being aware of *Gordon,* necessarily modified it pro tanto where there is any conflict between the *Gordon* doctrine and the later adopted § 287.

█ It is apodictic that a statute adopted after a decision of a court must control for cases after the date of adoption.

Thus, if *Gordon* is not in harmony with what we wrote on original deliverance, nevertheless, § 287 is the paramount and controlling law of Alabama.

We consider first degree murder is a felony (of course). It can be a felony within the meaning of T. 14, § 85 of the Code, which defines first degree burglary. Accordingly, if the proof to show the burglary necessarily embraces proof of first degree murder, then § 287, supra, has a field of operation.

Accordingly, the application is overruled.

Opinion extended; application overruled.

All the Judges concur.