BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Defendant-appellant, an indigent, was convicted of murder in the first degree and sentenced to life imprisonment. Judgment, the basis of this appeal, was duly entered.
This appellant on a prior date was tried and convicted of robbery for which he was sentenced to fifty years in the penitentiary. Judgment was duly entered and appeal therefrom was taken to this court which affirmed the judgment on November 4, 1975, rehearing was denied on December 5, 1975. Certiorari was denied by the Supreme Court on January 29, 1976. Colston v. State, 57 Ala.App. 4, 325 So.2d 520, cert. den. 295 Ala. 398, 325 So.2d 531.
*335 It appears from the record of the instant appeal that judgment of conviction was entered on November 20, 1975, at which time and date the jury returned a verdict finding defendant guilty of murder as charged in the indictment. It is to be noted that this verdict was returned and the judgment entered a few days after this court affirmed the judgment for robbery.
The instant record further shows that defendant entered a plea of former jeopardy as a defense. The court overruled the plea. The defendant asserted in this plea that on or about the 19th day of November, 1974, he was placed in jeopardy in case number 30960 in “this court” and that the facts and circumstances supporting “said case are substantially similar to the facts and circumstances which the State of Alabama will rely on in prosecuting this cause.”
He further asserted, “that the prosecution of this cause violates defendant’s rights as protected by the Fifth and Fourteenth Amendments to the Constitution of the United States.”
The indictment in this case charges the defendant with killing Janie Latino under such circumstances as to constitute murder in the first degree. In Colston, supra, defendant was indicted, tried and convicted of robbery. It appears here and in Colston, supra, that defendant shot and killed Mrs. Latino while the robbery was in progress and as an incident thereto. We quote from Colston as follows:
“Mr. Corsentino stating that he saw Mrs. Latino his employee, kneeling in a corner at the check-out counter. One of the two men said, ‘Open the cash register,’ but when he started to open it, they said, ‘No, let her open it.’ Mrs. Latino opened both registers and also gave them money from a money box. The currency taken included two rolls of quarters. Mr. Corsentino stated that the appellant then walked over to the register and got some Kool cigarettes, started around the counter, and shot Mrs. Latino and then shot him. Mr. Corsentino fell to the floor and saw the appellant shoot Mrs. Latino again.”
Since the robbery judgment is final, we hold that the trial court erred in overruling defendant’s plea of former jeopardy. The proof in the trial of Colston for robbery and the instant proof shows that the robbery and homicide were blended in the act and each offense was an incident of the other. The homicide was an act of violence as charged in the indictment for robbery, an incident to the robbery, and part thereof. Yelton v. State, 56 Ala.App. 272, 321 So.2d 234, cert. den. 294 Ala. 745, 321 So.2d 237; Burress v. State, 56 Ala.App. 414, 321 So.2d 752; Wildman v. State, 42 Ala.App. 357, 165 So.2d 396, cert. den. 276 Ala. 708, 165 So.2d 403.
In Burress, supra, the appellant (Burress) was first tried for murder, convicted and got life. In the second trial, on a different date, he was tried for robbery, convicted and received ten years. Appeals from both judgments of convictions were jointly taken. We affirmed in both, but remanded in the robbery case.
Appellant Burress in the robbery filed a plea of former jeopardy for that the murder and robbery arose out of the same transaction, i. e., the robbery. The remand was made so that the sentence in the robbery (ten years) could be made to run concurrently with the life sentence for murder. We observed:
“If the murder conviction is set aside such action will not affect the sentence under the robbery conviction.” Burress, supra.
It is to be noted that we also observed that:
“. . . [WJhere the other conviction is not yet final we would be speculating as to whether or not punishment under the murder conviction would preclude punishment under the robbery conviction. Accordingly, we consider that the New York practice of concurrent sentences is the only pragmatic solution.”
We again note that Colston’s conviction for robbery was final when his instant appeal from the murder conviction was here under consideration and the instant opinion authored. No speculation is involved.
*336 In Yelton v. State, 55 Ala.App. 489, 317 So.2d 329, it appears appellant was convicted of murder in the second degree. The offense was committed right after he had broken into and entered a dwelling house occupied by the victim. A different Yelton appeal, 56 Ala.App. 272, 321 So.2d 234, involved an indictment for the burglary committed just before the homicide.
Judge Cates, writing for this court in the burglary case observed:
“Had there been but one trial resulting in two convictions, Wildman [supra] would allow both convictions to stand, but require punishment to be administered under only one of the convictions. But here the prior conviction of murder, when final, would bar the later prosecution for burglary. However, since the murder conviction is still under appellate review, the cause is remanded for appropriate action when the other cause is terminated.” Yelton, supra. [Bracketed material added.]
Conviction of the instant appellant for robbery had become final and we are free to say that his conviction therefor was a bar to the prosecution for murder.[1] The plea of former jeopardy had merit. The judgment, the subject of this appeal is reversed and judgment is here rendered, discharging appellant from further prosecution under this indictment for murder.
We pretermit considering appellant’s other contentions of error.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
REVERSED AND RENDERED.
CATES, P. J., and TYSON and BOOK-OUT, JJ., concur.
HARRIS, J., concurs in the result.
DeCARLO, J., dissents.

. It is to be noted that in Burress, supra, we followed the New York practice, mainly so as not to release a valid judgment of conviction where a corollary judgment was not final. Here, under different circumstances, we follow California as shown in Wildman, supra.