LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of grand larceny of an automobile and sentenced to impris *841 onment for four years. The evidence was essentially the same as that presented in a case wherein he was previously tried and convicted of burglary, from which he appealed. His conviction in the burglary case has been affirmed. Bibb v. State, Ala.Cr. App., 339 So.2d 1108. Grounds urged for a reversal in that case are also insisted upon in this ease. We adhere to our disposition of them in the burglary case.
According to the evidence for the State without which there could have been no conviction of defendant in this case, the automobile was stolen during the course of the same burglary of which he has been convicted. The particular automobile was in one of the driveways of the automobile sales company, at the time according to the evidence, defendant broke into the office of the company, obtained keys to automobiles and promptly thereafter drove away from the establishment in the automobile that he allegedly stole. According to testimony of Kenneth Starks, the strongest witness for the State, the following occurred:
“Q Now, I will call your attention to the early morning hours before daylight on October 10, 1975. Were you with Gus Bibb then?
“A Yes.
“Q Where were you, Kenneth?
“A At his house.
“Q Where were you before then?
“A At home.
“Q Okay. Where did you go when you left Gus’s house?
“A Went downtown.
“Q Where did you go downtown?
“A To Courtesy Ford.
“Q You went to Courtesy Ford?
“A Yes.
“Q Was it opened or closed?
“A Closed.
“Q What happened when you got out at Courtesy Ford?
“A Gus T. broke in.
“Q How did he get in?
“A With a board.
“Q What did he do?
“A He busted the window out.

“Q Kenneth, what did you do? What happened after Gus broke the window out there at Courtesy Ford?
“A He took the keys.
“Q What keys?
“A A cardboard full of keys.
“Q What did he do with them?
“A He took them and took a Riviera and we all got in the Riviera.
“Q Was that a 1970 Buick Riviera? [The particular automobile involved in this case].
“A Yes.”
Code 1940, T. 15, § 287, provides as follows:
Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision.”
Intent to steal or commit a felony is an essential part of the gravamen of the crime of burglary. Wicks v. State, 44 Ala. 398, 400; Holland v. State, 247 Ala. 53, 22 So.2d 519; Aiola v. State, 39 Ala.App. 215, 96 So.2d 816. In the other case to which we have referred and in which appellant herein was convicted of burglary, the intent charged and claimed was the intent to steal, the same intent that formed an essential element of the crime of larceny of which he was convicted in the instant ease. In Yelton v. State, 56 Ala.App. 272, 321 So.2d 234, cert. denied, 294 Ala. 745, 321 So.2d 237, it was held that a final judgment of conviction of murder that was the immediate product of a burglary precluded a subsequent trial for and conviction of the burglary, wherein it was charged that defendant broke and entered with intent to murder. On application for rehearing, the State interposed Gordon v. State, 71 Ala. 315, in which it was held that a conviction of the larceny that one intended to commit at the time of the breaking and entry of a burglary is not a bar to a prosecution for the burglary. It was concluded, however, that *842 whatever disharmony there may be between Gordon and what was held on original deliverance in Yelton, Code 1940, T. 15, § 287, controls. We are not called upon, and we do not here attempt, to decide, under every one of a variety of assumed situations, whether a conviction or an acquittal of the charge of burglary with intent to steal would constitute a bar to a prosecution for a closely related larceny, or the conviction or an acquittal of larceny would constitute a bar to a prosecution for a closely related burglary. For instance, we do not here hold in effect that an acquittal of one charge on the basis of failure of proof of some essential element of that charge which is not an essential element of the other charge would preclude a prosecution for the other charge, furthermore, we do not here hold in effect that there can never be a logical line of demarcation between the intent to steal in an indictment for burglary and the larcenous intent essential to a conviction of larceny taking place soon after and near the place of the burglary. In the case now before us, according to the undisputed evidence, the conviction of larceny was necessarily based upon the same intent to steal that had been formed in the mind of defendant prior to or at the time of his breaking and entry and continued in his mind until the time of the larceny.
We follow Yelton, supra, in holding that a final conviction of burglary constitutes a bar to defendant’s prosecution for the larceny charged in this case. In the light of Burress v. State, 56 Ala.App. 414, 321 So.2d 752, and the fact that it now appears that any and all questions as to the efficacy of the conviction and sentence in the burglary case have been finally resolved by an affirmance and the expiration of time for an application for rehearing, the judgment of conviction in this case should be affirmed but the case should be remanded for the rendition of an order that the sentence in this case shall run concurrently with the sentence in the other stated case of appellant — defendant.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
Judgment of conviction affirmed; cause remanded for concurrent sentence.
AFFIRMED: REMANDED FOR CONCURRENT SENTENCE.
All the Judges concur.