Appellant was convicted for the offense of selling marijuana and the Court sentenced him to imprisonment in the penitentiary for nine years. He was represented at arraignment and trial by retained counsel. He pleaded not guilty. After sentence was imposed, he gave notice of appeal and his sentence was suspended pending appeal. His retained attorney represents him on this appeal.
Police Officer David R. Havard of the Mobile Police Department was assigned to work with the Dothan Police Department as an undercover agent in the narcotics division. Havard arrived in Dothan on March 28, 1976, and worked until June 4, 1976. During this period of time he made around 20 cases for drug violations. He was still on the payroll of the Mobile Police Department and received no extra compensation for his undercover work in Dothan. The City of Dothan furnished him money to make drug purchases.
Havard further testified that he met appellant on several occasions prior to May 21, 1976, and on that date Havard was driving north on Highway 231 when appellant, who was a passenger in another automobile, recognized him and flagged him down and stated he wanted to talk to him. Havard pulled into a parking lot of a local bank and the vehicle in which appellant was riding pulled over near the officer's car. Appellant *Page 1384 
got out of the car and produced a cellophane package containing a black, tarry substance, which he represented to be opium and asked the officer if he wanted any of it. The officer told appellant he wanted some of it and bought a small piece for five dollars. Appellant then told the officer that he had some real good marijuana at his house and the officer told appellant he wanted to buy some and asked if he could drive him to his house. Havard further stated that he and appellant were accompanied by one Hatfield Wilder to appellant's home at 308 Oglethorpe Street.
Havard further testified that when they reached the house appellant got out of the car and went in the house telling him to wait in the car. Appellant returned shortly with a large black cellophane bag of green plant material and asked the officer how much he wanted. The officer asked how much he wanted for the bag and appellant stated that he did not want to sell the whole bag but would sell him enough for two joints. The officer took some of the green vegetable material and put it in a matchbox and paid appellant four dollars. The officer said that he had seen marijuana many times and that in his best judgment the substance was marijuana. The officer then stated they took the original cellophane bag and left appellant's residence to go to Hatfield Wilder's house where appellant and Wilder tried to burn the substance represented to be opium. They put the substance on the tip of a knife and struck a match and tried to burn it, but were unable to get it to burn. Appellant and Wilder rolled two cigarettes of marijuana and passed them around to be smoked. The officer testified that appellant and Wilder smoked the marijuana but he only simulated smoking the cigarettes when they were passed to him so that they would think that he, too, was smoking along with them.
Officer Havard further testified that he took the substance back to his house, locked it in his brief case, and the following morning he gave it to Officer Bob Sorrells of the Dothan Police Department. He said it was in the same condition when he turned it over to Sorrells as it was when appellant sold it to him.
On cross-examination Havard was reminded that at the preliminary hearing he had testified differently as to the time and place where he purchased the marijuana and readily admitted the discrepancies as to times and places but not as to the actual purchase of marijuana from appellant.
Ms. Melinda Long, Toxicologist employed by the State of Alabama, testified that her main job with the Department of Toxicology was to analyze drugs. She stated that she received a sealed package from Sergeant Robert Jackson of the Dothan Police Department and that she analyzed the substance and found it to be marijuana. She stated that the substance she determined to be marijuana was in a matchbox.
Officer Robert Sorrells of the Dothan Police Department testified that he was assigned to the narcotics division and knew Officer David Havard of the Mobile Police Department. He stated that he received a telephone call from Officer Havard on May 23, 1976, and went to the place where he was staying where he was given a matchbox containing green vegetable material. He said he ran a Valtox test on the substance and the reaction was positive. He stated that he locked the matchbox in a locker in the narcotics office after sealing it and putting the name of the seller, the number and his initials on the container. He further testified that he gave the package to Officer Robert Jackson to personally deliver it to the Enterprise Crime Laboratory.
Officer Robert Jackson testified that he delivered the package to the Crime Laboratory in Enterprise and gave it to Ms. Melinda Long on May 24, 1976. He stated that he did not open the package at any time.
Appellant was the only witness in his behalf. He testified that he remembered meeting Officer Havard and had known him for about three months. That during this period of time he saw the officer four *Page 1385 
or five times and that each time he saw him, the officer would ask him for drugs, and that the officer called him on the telephone wanting to buy drugs, but that on each occasion he told the officer he did not have any drugs, and did not know where to get any. Appellant further testified that he did not sell any type of drugs, and that he did not make any representations to Officer Havard about selling any type of drugs and did not sell any type of drugs on any occasion.
It is interesting to note that on direct examination appellant testified that he did not sell any marijuana to any person other than David Havard, and that he never furnished any marijuana or other drug to David Havard or to anyone else.
The sufficiency of the evidence is not presented for review. There was no motion to exclude the State's evidence; there was no request for the affirmative charge; there was no motion for a new trial, and no exceptions were reserved to the oral charge of the Court. Jones v. State, 55 Ala. App. 466, 316 So.2d 713;Bass v. State, 55 Ala. App. 88, 313 So.2d 208; Mosley v. State,54 Ala. App. 59, 304 So.2d 613.
Conflicting testimony is for the jury, and a verdict rendered thereon will not be disturbed on appeal. Waters v. State,55 Ala. App. 646, 318 So.2d 342; Pugh v. State, 51 Ala. App. 164,283 So.2d 616.
Appellant raises two issues on this appeal, which he claims constitute reversible error: (1) the sentence of nine years was excessive, and, (2) the Court erred in permitting the officer to state that the material he purchased appeared to be marijuana. We will answer these contentions in the order presented.
The trial court, in certain offenses, has the prerogative to assess punishment within the legal limits, as sound discretion should dictate. Goolsby v. State, 283 Ala. 269, 215 So.2d 602.
Where a sentence is within statutory limits, as here, the appellate courts do not have revisory powers as to the severity of the sentence. Moore v. State, 54 Ala. App. 463,309 So.2d 500.
Officer Havard testified that he had training and experience as a narcotics officer in the handling of marijuana. He stated that he had been assigned to narcotics for the last nine months, and "We have had lectures, books we have read, and we have been taught to recognize marijuana, since I have been on the police force for the past six years." He further testified that he had seen marijuana many times.
An expert witness is one who can enlighten a jury more than the average man in the street. Woods v. State, 54 Ala. App. 591,310 So.2d 891; Rupert v. State, 54 Ala. App. 578, 310 So.2d 501;Jenkins v. State, 46 Ala. App. 719, 248 So.2d 758.
The trial court did not err in allowing Officer Havard to testify that the substance he purchased from appellant "appeared to be marijuana." Ms. Melinda Long, the Toxicologist, whose qualifications were not questioned, testified the material she examined and analyzed in the matchbox was marijuana.
We have carefully searched the record and have found no reversible errors.
AFFIRMED.
All the Judges concur.