The defendant was indicted and convicted for theft of property in the second degree in violation of Alabama Code Section 13A-8-4 (1975). He was sentenced as an habitual offender to fifteen years' imprisonment. Three issues are argued on appeal.
 I
The defendant contends that his prior conviction of burglary in the first degree (Alabama Code Section 13A-7-5 (1975)) barred the subsequent prosecution for theft under the principles of former jeopardy where the property was taken in the burglary.
The defendant's plea of autrefois convict was filed after his plea of not guilty and was not timely. Jelks v. State,411 So.2d 844, 850 (Ala.Cr.App. 1981). *Page 613 
Even if the plea had been timely filed, it was not due to be granted. A conviction on a trial for larceny is not a bar to a prosecution for burglary with intent to commit the larceny.Gordon v. State, 71 Ala. 315 (1882). See also Bibb v. State,352 So.2d 840 (Ala.Cr.App.), reversed, 352 So.2d 842 (Ala. 1977), citing Clift v. State, 352 So.2d 838 (Ala. 1977), andColston v. State, 350 So.2d 337 (Ala. 1977). A conviction on an indictment for burglary which alleges a breaking, entering, and stealing certain property will bar a subsequent prosecution for the theft of that same property. However, "a conviction on an indictment for burglary which merely charges a breaking and entering with intent to steal will not bar a subsequent prosecution for the actual theft." 22 C.J.S. Criminal Law, Section 290 (a) (1961).
 II
The defendant contends that the trial court erred in overruling his motion for a mistrial on the grounds that the prosecution put his character into issue even though he did not take the witness stand. The basis for this contention is reflected in the following portion of the record.
 "Q. (MR. GILLIS, DEPUTY DISTRICT ATTORNEY): Okay. You say that the relationship between Jasper Richmond (defendant) and Officer Farrior goes back for some period of time?
"A. Yes, sir, that's correct.
"Q. Prior offense through juvenile court?
 "MR. LAW (Defense Counsel): I object to that, Judge, and I move for a mistrial The Defendant has not taken the stand. We're talking about prior offenses of the Defendant, and I would ask for a mistrial. I think it's highly prejudicial. This young man has never taken the stand on any of these cases."
. . . .
 "I object and move to strike it, and I feel that it is so prejudicial that I would ask for a mistrial at this time.
 "THE COURT: Well, I'll overrule your grounds for a mistrial and sustain your objection."
"Since a motion for a mistrial implies a miscarriage of justice, it should only be granted where it is clearly manifest that justice cannot be afforded." Kelley v. State,405 So.2d 728, 729 (Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala. 1981).
This case was trial by a judge sitting without a jury. On this matter of a mistrial, the trial judge stated that he had been the trial judge at the defendant's previous trial for burglary when a jury had found him guilty and, at that time, the defendant's application for youthful offender treatment disclosed the defendant's prior history. The judge further stated:
 "The Court throughout the trial of this case, even when (defendant) waived his right to a jury trial, I'm sure you're aware of the fact that the Court was aware of (defendant's) prior juvenile record. The Court has not considered that, will not consider it in making whatever determination it makes in this case."
The record reveals no abuse of the trial judge in denying the motion for a mistrial.
 III
The defendant challenges the application of the Habitual Felony Offender Act and argues that the act should not apply because his two prior convictions were "companion" cases for which he was arrested on the same day and later pled guilty to both offenses on the same day and received concurrent sentences for both offenses.
This argument was decided adversely in Watson v. State,392 So.2d 1274 (Ala.Cr.App.), cert. denied, 392 So.2d 1280 (Ala. 1981), wherein this Court held that "where two or more convictions occur at the same time and in the same court, they are separate `convictions' within the meaning of the Habitual Offender Statute." See also Chambers v. State, 418 So.2d 948
(Ala.Cr.App. 1982); Bates v. State, 405 So.2d 1334
(Ala.Cr.App.), cert. denied, 405 So.2d 1339 (Ala. 1981); Serittv. State, 401 So.2d 248 *Page 614 
(Ala.Cr.App.), cert. denied, 401 So.2d 251 (Ala. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.